**John A. GEARHART, Appellant,**
v.
**UNITED STATES of America,**
Appellee.

No. 14879.

United States Court of Appeals
District of Columbia Circuit.

Argued June 8, 1959.

Decided Sept. 24, 1959.

As Amended Nov. 3, 1959.

Mr. Ellsworth C. Alvord, Washington, D. C. (appointed by this court), for appellant.

Mr. Carl W. Belcher, Asst. U. S. Atty., with whom Mr. Oliver Gasch, U. S. Atty., was on the brief, for appellee. Mr. Edward C. O'Connell, Asst. U. S. Atty., also entered an appearance for appellee.

Before PRETTYMAN, Chief Judge, and WASHINGTON and DANAHER, Circuit Judges.

WASHINGTON, Circuit Judge.

This is a criminal case, in which the issue is whether the District Court abused its discretion in not allowing appellant to withdraw his plea of guilty prior to the imposition of sentence.

On August 12, 1958, appellant was arrested and charged with forgery and the interstate transportation of forged securities. See 18 U.S.C. § 2314 (1952); D.C.Code § 22–1401 (1951). On October 15, 1958, appellant signed a waiver of indictment and pleaded guilty in open court to all counts of an information. He was represented by court-appointed counsel. On November 14, 1958, appellant, prior to sentencing, moved to withdraw his plea of guilty on the ground that he was incompetent and not mentally responsible for his actions at the time of the offenses alleged in the information. Appellant attributed his condition to a "brainlock" or mental block which had plagued him from early childhood and alleged that the reason he had never mentioned this before was because it was "personal, and much to do with the relationship between my father and myself." During the course of the hearing on the motion, appellant's counsel stated that the mental blocks apparently occurred when the appellant was under mental stress. He also stated that appellant had

undergone psychiatric treatment while he was incarcerated in the state penitentiary at Moundsville, West Virginia, and had received a psychiatric discharge from the United States Army prior to World War II, although he subsequently reenlisted and obtained an honorable discharge at a later date. Government counsel objected to the motion, on the ground that the motion made no mention of appellant's "condition at the time he entered the plea, or at the time he executed the waiver of indictment. * * * As I indicated at the time, I believe, of the waiver, there were many cases involving this defendant. We had selected several on the basis that he was going to waive indictment and would proceed by way of information, and those were the only matters contained in the information. Now, we are at a loss as to how to proceed because if he is suffering from this mental condition that he claims he is, whether his waiver of indictment was intelligently entered."

The District Court then commented that the only claim being made by the accused was that he was of unsound mind at the time of the alleged offenses, and no claim was made of incompetency at the time of the waiver, or of present incompetency. Government counsel agreed, but added:

"The Government feels, at this point, the matter still being with the Court before sentencing, the Court has available, of course, the Court's psychiatrist, Doctor Griffin. If the Court feels there may be any question at all, I am certain that the Court would refer it to Doctor Griffin.

"The Court: I could do that if the contention was that he was of unsound mind now. He makes no such claim. He claims he was of unsound mind at the time the offenses were committed, and I am not disposed to ask Doctor Griffin to examine him in order to determine whether, months ago, he was of unsound mind. The offenses were committed during a period from May to December 1957, and it would not be a very illuminating [sic] to get a doctor's opinion at this time, who has never seen him before, as to what his mental state was about a year ago.

"[Government Counsel]: The Government would have no objection, if counsel wishes to amend his motion, contending his condition at the present time. It may be that was an oversight.

"The Court: No, I do not think it was an oversight. I think he cannot claim mental incompetency at this time. He was in court, he conferred with counsel, he conferred with the Assistant United States Attorney, he asked the Assistant United States Attorney for leave to waive indictment. There is no question about his mental competency at this time, and I think it would be travesty on psychiatric science to ask a psychiatrist to examine him now to determine whether he was of sound mind.

"[Government Counsel]: Thank you, Your Honor.

"[Defense Counsel]: May I address the Court on one more point, Your Honor?

"The Court: Yes, indeed.

"[Defense Counsel]: I am informed by the defendant that it is not an afterthought, but that implicit in this motion was the fact that he was under stress at the time he entered his plea.

"The Court: That would remove any doubt the Court might have had as to whether he made his motion in good faith. The Court is now certain he has not, because, admittedly, he committed these offenses; he does not deny that.

"[Defense Counsel]: Thank you, Your Honor.

"The Court: As the Court of Appeals for the Second Circuit held recently in the case of United States against Mordecai Miller, a plea of guilty is not to be lightly treated. A

plea of guilty is a formal admission of guilt and constitutes a conviction. Of course, if the ends of justice so require, leave to withdraw a plea should be granted, and this Court has, on occasion, granted such leave.

"In this case the defendant admits he is guilty. He now says that at the time he committed the offense he had what he calls a brain block. He did not think of this at the time he negotiated for a waiver of indictment in order to expedite matters. He did not think of it at the time he consulted with his counsel, or at the time he pleaded guilty.

"A transcript of the proceedings at the time of the entry of the plea comprises four and a half pages and shows the matter was gone into in great detail, and there was no misunderstanding on his part.

"The Court feels, under the circumstances, that there is absolutely no basis for granting leave to withdraw a plea of guilty.

"The motion is denied and the Court will proceed to sentence. The Court will hear defense counsel on the question of sentence."

The court sentenced appellant to serve from two to six years on each count of the information, to run concurrently. On November 21, 1958, the judgment and commitment were filed. Appellant thereupon sought permission to appeal in forma pauperis, which was granted.

 We believe that the District Court's reliance on the Miller case [1] was not well taken. There, the defendant moved to withdraw his plea after sentence had been imposed. In such circumstances, the "court * * * may set aside the judgment of conviction and permit the defendant to withdraw his plea" when necessary in order "to correct manifest injustice." Fed.R.Crim.P. 32(d), 18 U.S.C. When, however, as here, the motion to withdraw the plea is made before sentence is imposed, this court has interpreted the first clause of Rule 32(d) to set a more lenient standard. Where a guilty plea had been received from a defendant appearing without counsel, we said: "Leave to withdraw a guilty plea prior to sentencing should be freely allowed." Poole v. United States, 1957, 102 U.S.App.D.C. 71, 75, 250 F.2d 396, 400. And the Supreme Court in broad dictum already had said that "The court in exercise of its discretion will permit one accused to substitute a plea of not guilty and have a trial if for *any reason* the granting of the privilege seems *fair and just.*" (Emphasis added.) Kercheval v. United States, 1927, 274 U.S. 220, 224, 47 S.Ct. 582, 583, 71 L.Ed. 1009. These principles, we think, are controlling here.

 This is not to say that the District Court lacks all discretion in dealing with a motion of the present sort. But discretion must be exercised on the basis of sound information, soundly viewed. Where the accused seeks to withdraw his plea of guilty before sentencing, on the ground that he has a defense to the charge, the District Court should not attempt to decide the merits of the proffered defense, thus determining the guilt or innocence of the defendant. In certain situations, where the issue raised by the motion to withdraw is one of tangential nature, resolvable apart from the merits of the case, the District Court may appropriately hold a factual hearing to determine whether the accused has a "fair and just" reason for asking to withdraw his plea of guilty. Thus, in Dandridge v. United States, 1958, 356 U.S. 259, 78 S.Ct. 714, 2 L.Ed. 2d 757, the Solicitor General conceded in the Supreme Court that where the accused seeks to withdraw his plea of guilty on the ground that he was not mentally competent at the time he entered his plea, a hearing on that issue would be appropriate. This concession was, we think, entirely proper, although on the facts presented in Dandridge, where the accused had been confined for a long period

---

1. United States v. Miller, 2 Cir., 1958, 254 F.2d 523.

in prison after the District Court had refused to allow withdrawal of the plea of guilty, the Supreme Court granted his request that the District Court be forthwith directed to permit him to change his plea. Under the circumstances presented in the instant case, we think it would be quite inappropriate for the District Court to hold an evidentiary hearing to determine the question whether this accused was mentally ill at the time of the alleged offense. Such a hearing would go to the merits of the proffered defense, and invade the province of the jury. If the Government urges that the defense is patently frivolous, a preliminary hearing might be justified. But no such contention was made here.[2]

On this appeal, the Government makes the rather startling argument that "the issue of insanity at the time of the *offense* is not germane to the withdrawal of the plea of guilty." A reading of our decisions in Poole v. United States, supra, and Briscoe v. United States, 1958, 102 U.S.App.D.C. 145, 251 F.2d 386, should have sufficed to dispel that misconception.[3] The Government also suggests, in somewhat in-

direct fashion, that the Virginia and New Jersey authorities abandoned criminal proceedings against appellant because of his plea of guilty in this jurisdiction,[4] and concludes that "appellant is motivated by desires to seek the advantages which may arise after his plea to the information (based on the jurisdiction of the District of Columbia and Maryland) due to inadvertances [sic] on the part of the jurisdictions of Virginia and New Jersey." Appellant's counsel denies these suggestions, saying further that prosecutions in other jurisdictions are not barred. The record does not resolve these contradictions. But in any event the matter did not form the basis of the Government's opposition to the motion for withdrawal of the plea, or, apparently, the basis of the court's decision.

On this record, the court should have permitted appellant to withdraw his plea of guilty. The cause will be remanded to the District Court with directions to vacate the judgment of conviction to allow appellant to withdraw the plea of guilty and enter a plea of not guilty, and to conduct such further pro-

**2.** The Government did quite properly suggest that the court obtain the benefit of the views of its own psychiatrist. The court could properly have adopted this suggestion, at least in the absence of objection. But the court refused it, and in effect dismissed as frivolous the accused's claim of mental incompetency. It thus, without justification, decided that issue against him. We add that the court's view that to seek medical assistance would be a "travesty" is quite untenable: examinations designed to reveal a person's mental condition at a past date are not only standard practice, but are often essential to the proper administration of justice. See Winn v. United States, July 9, 1959, —— U.S.App.D.C. ——, 270 F.2d 326.

**3.** The cases cited by the Government, Lipscomb v. United States, 8 Cir., 1955, 226 F.2d 812, and Hornbrook v. United States, 5 Cir., 1954, 216 F.2d 112, stand for no such proposition as the Government advances. Frequently the question will arise whether the plea of guilty was freely and voluntarily made. A preliminary hearing may be on occasion the proper means of resolving this question, and

the words of the prisoner uttered at the time of pleading, in response to questions directed to him under Rule 11, Fed.R. Crim.P., would of course be a relevant subject for consideration. But it by no means follows that an inquiry into the voluntary character of the plea is the only one which may be made, as the Government's brief seems to suggest.

**4.** The Government makes no statement to this effect on its own responsibility, simply quoting the following from defense counsel's remarks at the hearing of October 15 at which the accused pleaded guilty:

"I would like to—something I have just learned I would like to put on the record, and something that the defendant doesn't know as yet, and that is I am informed that Virginia has indicated that if this matter is handled here in the District of Columbia they will drop the Federal indictment there, and New Jersy has indicated a willingness in the Federal offense up there. And I think in this regard the defendant should be aware of that as it might affect his—or will affect his decision."

**504**

ceedings as may be appropriate. See Poole v. United States, supra, 102 U.S. App.D.C. at page 76, 250 F.2d at page 401.

So ordered.