The STATE of Utah, Plaintiff and Respondent,

v.

Alf Eric OLAFSON, Defendant and Appellant.

No. 15069.

Supreme Court of Utah.

July 7, 1977.

W. Jerry Ungricht, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., William W. Barrett, Asst. Atty. Gen., R. Paul VanDam, Salt Lake County Atty., Salt Lake City, for plaintiff and respondent.

MAUGHAN, Justice:

On appeal is the judgment of the District Court denying defendants motion to allow withdrawal of a plea of guilty. We find no error, and affirm.

Defendant was charged with the crime of issuing bad checks in an amount exceeding $2500, a second-degree felony, Sec. 76–6–505(3)(d), U.C.A.1953, as enacted 1973. As a result of plea bargaining, he pleaded guilty to the lesser included offense of issuing bad checks in an amount exceeding $1000 but not more than $2500, a felony of the third-degree, Sec. 76–6–505(3)(c).

He entered his plea in a hearing before the court August 5, 1976. On October 15, 1976 he was committed to the custody of the Department of Corrections for the purpose of a 90-day diagnostic evaluation. On December 13, 1976, he filed a motion to set aside his plea of guilty. His motion was denied, on January 14, 1977, defendant was sentenced for the term provided by law, to the state prison.

On appeal, defendant contends his plea of guilty was not made voluntarily. In his motion before the trial court, defendant asserted his plea was given improvidently, and without an understanding of the nature of the charge, the effect of the plea, or of his rights. In an affidavit accompanying his motion he claimed: He had been drinking prior to the alleged occurrence. At the time of his appearance in court, he was frightened and confused. He was advised by counsel that if he pleaded guilty and attempted to make restitution, things would go easier for him and he'd have a possibility of probation. He further claimed his consultation with his counsel was brief, and he did not have the benefit of a full explanation of the consequences of a guilty plea. If he had been so advised, he would not have pleaded guilty. Defendant finally asserted he had a good and meritorious defense.

A review of the record of the hearing at which defendant pleaded guilty completely negates defendant's allegations. The trial court explained the penalty involved and that there was a very good chance that defendant would go to prison for a term not exceeding five years. The trial court explained in detail the constitutional rights which an accused waived by a plea of guilty. Defendant responded consistently that he understood these matters. The trial court thoroughly interrogated defendant as to his state of mind, and whether he was suffering from any physical or mental illness, or was under the influence of narcotics or liquor. The court inquired whether defendant had consulted with his attorney and determined the plea was in his best interest. The court then discussed extensively with defendant whether he had, in fact committed the offense charged. The court questioned whether the plea was of defendant's free will or had there been threats or coercion. The court reiterated whether defendant understood the penalty for the offense. The court specifically inquired whether any promises, other than the reduction in charge, had been made, in exchange for the plea of guilty. Defendant was questioned as to whether there had been any promises concerning the sentencing. The court emphasized it was not bound by any promises made as to defendant's sentence; and defendant would be sentenced to prison, if such were deemed to be in the best interest of the public. Thereafter, defendant pleaded guilty. The trial court accepted the plea as made freely and voluntarily and with full knowledge of the facts and of the consequences of the plea.

Defendant further urges there had been an "arrangement" between the prosecution and his counsel, viz., if restitution were made prior to sentencing, the charge would be reduced to a class A misdemeanor. He claims this "arrangement" should have been set forth in the record, and the court should have inquired as to defendant's understanding of this matter.

Defendant specifically denied there were any other promises made to him during his appearance when he entered his plea of guilty. Furthermore, defendant initially was to be sentenced on September 3, 1976. Because of postponements, he did not appear until October 15, 1976, when he was committed for the ninety-day evaluation. He was not sentenced until January 14, 1977. At the sentencing defense counsel asserted the agreement, and sought to have defendant released on bail that he might have an opportunity to make restitution. The prosecution responded that restitution was to have been made before the contemplated sentencing in September, and that the agreement had not been fulfilled. The trial court denied defendant's motion, and proceeded to the sentencing.

■ A review of the record indicates full compliance with the constitutional requirements as set forth in *Boykin v. Alabama*.[1] Spread upon the face of the record, there is an affirmative showing that defendant intelligently and voluntarily waived his rights and pleaded guilty. Defendant does not claim the prosecution breached an agreement which constituted an inducement for his plea of guilty.[2]

■ Defendant finally contends this court should adopt a ruling that a motion to set aside a plea of guilty, filed prior to sentencing, should be granted as a matter of right.

Section 77–24–3, U.C.A.1953, provides:

. . . The court may at any time before judgment, upon a plea of guilty, permit it to be withdrawn and a plea of not guilty substituted.

This court has consistently interpreted this statute as conferring a discretionary power upon the trial court to allow or disallow the change of a plea.[3]

ELLETT, C. J., and CROCKETT, WILKINS and HALL, JJ., concur.

1. 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

2. See *State v. Garfield*, Utah, 552 P.2d 129 (1976).

3. *State v. Lee Lim*, 79 Utah 68, 89, 7 P.2d 825 (1932); *State v. Larson*, Utah, 560 P.2d 335 (1977); *State v. Forsyth*, Utah, 560 P.2d 337 (1977).