The STATE of Utah, Plaintiff and Respondent,

v.

Donald Irvin GOTSCHALL, Defendant and Appellant.

No. 15036.

Supreme Court of Utah.

Oct. 13, 1977.

W. Jerry Ungricht, Murray, for defendant and appellant.

4. *Hardy v. Hendrickson,* 27 Utah 2d 251, 495 P.2d 28 (1972).

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., R. Paul Van Dam, Salt Lake County Atty., Salt Lake City, for plaintiff and respondent.

WILKINS, Justice:

The defendant appeals from the order and judgment of the District Court for Salt Lake County denying defendant's motion for withdrawal of a guilty plea and the sentence thereon. We find no error, and affirm. No costs awarded.

Defendant was charged with aggravated sexual assault pursuant to Utah Criminal Code, Section 76–5–405, enacted in 1973, as amended, on a minor girl under 14, to which charge he plead not guilty on July 23, 1976. On October 21, 1976 he plead guilty to the lesser included offense of forcible sexual abuse. See Utah Criminal Code, Section 76–5–404, enacted in 1973, as amended. Defendant was committed to the custody of the Division of Corrections, prior to sentence, for a 90-day diagnostic evaluation on November 19, 1976. During this period defendant obtained new counsel and filed a motion for withdrawal of the guilty plea which was heard on February 14, 1977. His motion was denied and defendant was sentenced to serve at the Utah State Prison an indeterminate term not to exceed five years.

Defendant contends that because of his hearing impairment he did not understand his constitutional rights as explained by the Court and therefore his plea of guilty was not intelligently and understandingly made as required by *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

A review of the record of the hearing at which defendant plead guilty fails to support defendant's contention. The record indicates that the Court, through defendant's attorney, fully explained the nature of the charge and the penalty, and informed him that by pleading guilty he waived his constitutional rights to trial, confrontation and examination of witnesses. Defendant was also questioned as to whether any threats or promises had been made to induce him to plead guilty, and he denied any such inducement. When asked if his plea was made voluntarily and if he understood the proceedings, defendant answered affirmatively.

Despite the defendant's assurances to the Court that his plea was made voluntarily with a complete understanding of the implications of such a plea, he now contends that he did not hear and comprehend the court's explanation of his constitutional rights and therefore should be allowed to withdraw his plea.

Section 77–24–3, U.C.A., 1953, provides: "The court may at any time before judgment, upon a plea of guilty, permit it to be withdrawn and a plea of not guilty substituted." This Court has consistently held that this statute does not provide for the withdrawal of a guilty plea as a matter of right, but merely confers "a discretionary power upon the trial court to allow or disallow the change of a plea." See *State v. Olafson,* Utah, 567 P.2d 156 (1977) and cases cited therein.

The record does not support the contention that defendant did not hear and understand the proceedings. The District Court made every effort to compensate for any hearing difficulty, allowing defendant's attorney to conduct the questioning to facilitate communication with the defendant. Defendant's attorney gave full explanations and often repeated points to make certain defendant heard and understood. Defendant responded appropriately to all questions posed to him and even asked for further explanation on certain points.

The District Court determined that defendant heard and understood the entire proceedings. Therefore, we hold that the court did not abuse its discretion in denying the motion to withdraw the guilty plea.

ELLETT, C. J., and CROCKETT, MAUGHAN and HALL, JJ., concur.