**STATE of Utah, Plaintiff and Respondent,**

v.

**Keith Michael JENSEN, Defendant and Appellant.**

No. 16747.

Supreme Court of Utah.

Feb. 28, 1980.

Cheryl A. Russell, Logan, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

This is an appeal from an order revoking defendant, Jensen's probation, for violation of its terms, to-wit: (1) by leaving the "Half-Way House" to which he was assigned after conviction on a bad check charge, (2) and committing an offense having to do with unlawfully using another's business phone. He claims error in the probation revocation, to which he pleaded guilty, saying that he was denied the testimony of an out of state witness who, he contended, could have explained the phone calls, but he had no excuse for walking away from the Half-Way House, an act prohibited under his probation status and privilege.

His sole basis for appeal is that he involuntarily and unintentionally pleaded guilty to the probation violation. The record belies his contention by reflecting the contrary, after a dialogue with the trial court. His counsel conceded the accuracy of the record, but nonetheless complied with the principles of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by presenting numerous authorities having to do with the circumstances necessary to demonstrate any kind of compulsion or lack of explanation to upset a guilty plea, none of which would be apropos here.

The judgment of the trial court is affirmed. No costs awarded.

WILKINS, Justice (dissenting):

I respectfully dissent. The transcript fails to disclose, in my opinion, the requisites required by *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and *State v. Olafson*, Utah, 567 P.2d 156 (1977). It seems to me that the record, which is related below, vividly demonstrates the absence of these requisites:

(DEFENDANT'S COUNSEL): Mr. Jensen at this time is willing to plead guilty to the probation violation with the understanding, and because of the situation that has been presented to us, that he still denies that he ever made the unauthorized calls to A and M Mowers. He is without a defense because we cannot get a hold of Douglas Russell, but he has violated the rules and regulations of the Halfway House as indicated by that representative in the matters that he indicated he would have just let go unnoticed if it had not been for the phone calls, and that's the only way we can handle it, your honor, because of him being incarcerated, so that's how we have to handle it.

THE COURT: Mr. Jensen, does that conform to what your opinion is, and has your attorney stated your position accurately?

MR. JENSEN: Yeah.

The defendant should be permitted to withdraw his plea of guilty because, I believe, in no way could it be deemed to be a free, voluntary, understanding, and intelligent plea.

MAUGHAN, J., concurs in the views expressed in the dissenting opinion of WILKINS, J.