**STATE of Utah, Plaintiff and Respondent,**

v.

**David D. BENNETT, Defendant and Appellant.**

**No. 17946.**

Supreme Court of Utah.

Jan. 21, 1983.

Brooke C. Wells, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals his conviction of aggravated sexual assault, contending that the trial court erred in denying his motion to withdraw his guilty plea.

Defendant was originally charged by a four-count information with aggravated sexual assault, aggravated kidnapping, aggravated burglary, and aggravated assault.

He entered into plea negotiations with the prosecution and it was agreed that defendant would plead guilty to aggravated sexual assault and the other charges would be dropped. The prosecution also agreed to recommend to the trial court that defendant be evaluated by the Utah State Hospital to determine defendant's eligibility for the hospital's sexual offender program.

The court accepted defendant's guilty plea and, in accordance with the prosecutor's recommendation, ordered defendant to undergo a 30-day evaluation at the hospital. When defendant arrived at the hospital, an administrator telephoned the court and indicated that defendant was ineligible for the program because of his conduct at a previous evaluation (to determine defendant's competency to stand trial). Defendant was deemed a security threat and was not given an evaluation, but was returned to jail.

Subsequently, defendant moved to withdraw his guilty plea on the ground that the reason he entered into plea negotiations was to have an opportunity to be evaluated. Following argument, the court denied defendant's motion and sentenced him to an indeterminate term of five years to life.

Defendant concedes that the prosecution fulfilled its part of the bargain,[1] but contends that the negotiations included an implied condition that defendant be evaluated. Because that condition was not met, defendant contends that he should be permitted to withdraw his plea of guilty.

Clearly, the court was under no obligation to accept the prosecution's recommendation that defendant be ordered to undergo an evaluation.[2] The fact that it followed the recommendation does not make defendant's plea, in any way, conditional. The trial court retains the discretion as to whether defendant should be permitted to change his plea.[3] We do not believe the trial court abused its discretion in the instant case. The court held that the prosecution had complied with its part of the bargain and, after consulting with the hospital, concluded that nothing could be gained by compelling the hospital to evaluate the defendant.

The conviction and sentence are therefore hereby affirmed.

STEWART, J., concurs in the result.

---

1. As required under *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

2. See *State v. Hanson,* Utah, 627 P.2d 53 (1981).

3. *State v. Harris,* Utah, 585 P.2d 450 (1978).