STATE of Utah, Plaintiff and Respondent,

v.

Dennis A. DELASHMUTT, Defendant and Appellant.

No. 18589.

Supreme Court of Utah.

Dec. 20, 1983.

Jo Carol Nesset-Sale, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

After a trial by jury, defendant was convicted of six felonies, including burglary, robbery and assault, committed during a midnight crime spree.

The defendant, his brother Lon, one Mackelprong and one Weiss were principals in two burglaries committed in tandem. At the first, a woman was awakened at 1:15 a.m. by the defendant, who was pointing a gun at her face. Defendant stated, "Roll over, Bitch, this is for real." He then clubbed her husband over the head with the gun while a fellow robber tied the woman's hands behind her back. She felt her husband's blood running down her arm. Another of the robbers threatened to blow off her husband's kneecaps. The culprits then stole jewelry, money, wallets, credit cards and the husband's gun.

Mackelprong was then taken home, and the other three drove to a second residence. There they broke open the door, grabbed a man by the hair and threw him to the floor. They then repeated the modus operandi of the first burglary, stealing property identified as that of the victims. The police were alerted, and they caught the robbers three miles away—six minutes after the second offense. One of the victim's guns was

found under the car seat along with other stolen items.

Defendant's brother and Weiss were charged as principals, and both pleaded guilty and turned state's evidence. Although charged, Mackelprong did not plead guilty, but nonetheless also turned state's evidence. At trial defendant contended he had an alibi, but he did not present any evidence to that effect. Instead, on advice of counsel, he chose not to take the stand in his own defense. His counsel contended that such decision was provoked by the trial court's denial of his motion to suppress any evidence of a prior guilty plea to a felony in Washington State. The Washington plea had been entered, but sentence had not been imposed. Defendant urges that there was therefore no conviction that could be used for impeachment purposes under U.C.A., 1953, § 78–24–9. The statute requires an answer only as to a previous conviction of felony. The sole question posed, therefore, was whether for impeachment purposes a plea of guilty to a felony is a conviction.

■ Defendant urges error in denying his motion to suppress the answer if the prosecutor should attempt to ask a question as to defendant's prior conviction. At the time of the motion there was nothing before the court except a guess on the part of defense counsel that the prosecutor would ultimately put the question if he considered it advisable in the prosecution of the state's case and if the defendant took the stand in his own defense. There would appear to be no error in denying the motion. Nonetheless, we are of the opinion there would have been no prejudice if defendant had taken the stand and had been asked the question under the provisions of the afore-cited statute.

In support of his assertion of prejudice, defendant cites *State v. Johnson*, 76 Utah

84, 287 P. 909 (1930). We deem that case to be inapposite since the question of admissibility was treated only by way of obiter dictum, leading to confusion. Such was recognized in a later case,[1] which although not overruling *Johnson* acknowledged that "[i]t is apparent that the law in this case needs clarification." Such clarification is found in sections of our own criminal code, which reflect a legislative intent that a guilty plea or a verdict is a conviction before sentence is imposed. The following are noted as examples of such intent:

U.C.A., 1953, § 77–1–4: No person shall be punished until convicted.

U.C.A., 1953, § 76–3–203: A person who has been convicted, may be sentenced to imprisonment.

U.C.A., 1953, § 76–3–206: A person who has been convicted of a capital felony shall be sentenced....

■ The weight of judicial authority considers and holds that a guilty plea is a conviction just as is the verdict of a jury. This is so whether such interpretation of a guilty plea or verdict is said to be so in the popular sense or in the statutory or judicial sense.[2] We too conclude that a prior plea of guilty to a felony is a conviction that must be answered by an accused as a "fact of his previous conviction of felony."

Having so concluded, the defendant's second point on appeal that assumes otherwise and claims error under *Chapman v. California*[3] on the test of prejudiciality in a conceded error, needs no answer.

The conviction is affirmed based on the facts from which the jury reasonably arrived at the six verdicts.

**1.** *State v. Hougensen,* 91 Utah 351, 64 P.2d 229 (1936).

**2.** For examples of cases so holding, *see People v. Vollentine,* Colo.App., 643 P.2d 800 (1982); *People v. Baca,* 44 Colo.App. 167, 610 P.2d 1083 (1980); *State v. Reyes,* 99 Ariz. 257, 408 P.2d 400 (1965); *Commonwealth v. Reynolds,* Ky., 365

S.W.2d 853 (1963); *State v. Robbins,* 37 Wash.2d 492, 224 P.2d 1076 (1950); and *People v. Ward,* 134 Cal. 301, 66 P. 372 (1901). *See also* Federal Rules of Evidence 609, 609(e), as interpreted in *U.S. v. Vanderbosch,* 610 F.2d 95 (2d Cir.1979).

**3.** 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).