The STATE of Utah, Plaintiff and Respondent,

v.

John THEISON, Defendant and Appellant.

No. 20598.

Supreme Court of Utah.

Sept. 26, 1985.

·Reed M. Richards, Ogden, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals the denial of his petition for expungement of his arrest and conviction, pursuant to U.C.A., 1953, § 77–18–2 (as amended 1982). This section allows expungement of a felony or Class A misdemeanor conviction and sealing of the record after five years from the completion of the sentence if the petitioner has been rehabilitated and not convicted or charged with a crime. Conviction of a lesser misdemeanor or infraction may be similarly expunged three years after completion of the sentence.

Defendant was charged with and pleaded guilty to theft of a handgun, a second degree felony. At a sentence hearing on May 23, 1980, defendant was placed under the supervision of the Adult Probation and Parole Department. The matter was continued to May 22, 1981, for a report on defendant's probation. On that day, defendant's probation was successfully terminated upon recommendation of the Adult Probation and Parole Department.

Defendant filed his petition for expungement in March 1985, almost four years later. The district court ruled that the requisite five years before expungement of a felony conviction had not yet expired and denied the petition. However, the court's order further stated that "defendant's felony conviction has been treated pursuant to § 76–3–402(c) [sic] and is therefore deemed a Class B misdemeanor."

Our examination of the record fails to disclose any conviction of defendant to be expunged. The minute entry of his May 9, 1980 arraignment indicates that upon defendant's guilty plea to "THEFT 2nd Degree," the matter was merely continued for sentence and defendant referred to the probation department for a presentence report. The subsequent minute entry of May 23, 1980, provides only that at the time set for sentence on the felony charge the trial court placed defendant on probation under the supervision of the probation department. There is nothing in the record before this Court to show any acceptance of the guilty plea, findings, conviction, judgment, or imposition of sentence by the lower court upon defendant.

Without an indication in the record of the proceedings below concerning the disposition of the second degree felony charge against defendant, we cannot determine in what manner the court acted. It is possible that the court intended to enter defendant's conviction, impose sentence which was stayed, and place defendant on probation.[1] But the record does not so indicate.

 It is equally consonant with the record before us that the trial judge treated defendant under the provisions of then effective U.C.A., 1953, § 77–35–17 (repealed July 1, 1980), received defendant's guilty plea, and without findings or conviction, placed defendant on probation.[2] If

---

1. U.C.A., 1953, § 76–3–402, as amended, allows a court discretion in appropriate cases to enter a conviction for the "next lower category of offense and impose sentence accordingly." If the conviction is for a felony, the conviction shall be deemed a misdemeanor if the court so designates or if imposition of the sentence is stayed and defendant is placed on probation. Defend-

ant relies upon this statute to obtain early expungement of his record.

2. Section 77–35–17 provided, in pertinent part, as follows:

Upon a plea of guilty or conviction of any crime or offense, if it appears compatible with the public interest, the court having jurisdiction may suspend the imposition or the execu-

this were the court's disposition of the charge, then expungement under section 77–18–2 would not be available to defendant in this instance.[3] Section 77–18–2 does not grant any remedy of expungement except after a conviction.

 Because the record before us is inadequate, we are unable to ascertain whether or not a conviction of second degree theft (or some other category of offense) was entered. Appellant has the burden when raising objections on appeal to see that the record contains the materials necessary to support his appeal. We cannot speculate on the existence of facts that do not appear in the record. When crucial matters are not included in the record, the missing portions are presumed to support the action of the trial court. *State v. Mitchell*, Utah, 671 P.2d 213, 215 (1983). *See also State v. Tucker*, Utah, 657 P.2d 755 (1982); *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Idaho App.1984). Therefore, we presume the trial court acted correctly in denying the motion for expungement.

The statement in the order, drafted by defendant's counsel, that "defendant's felony conviction has been treated pursuant to U.C.A., § 76–3–402(c)," adds nothing to cure the deficiency of the record because there is no such statutory provision. We do not speculate upon what statutory provision was intended, just as we cannot conjecture upon the disposition of the felony theft charge.

 It is the appellant's duty to bring his appeal to us supported by an adequate and proper record. In the absence thereof, we do not reverse the ruling below. We affirm the denial of defendant's petition for expungement.

---

tion of sentence and may place the defendant on probation for such period of time as the court shall determine.

The court may subsequently increase or decrease the probation period, and may revoke or modify any condition of probation.... Where it appears to the court from the report of the probation agent ... that the defendant has complied with the conditions of such probation, the court may if it be compatible with the public interest either upon motion of the prosecuting attorney or of its own motion terminate the sentence or set aside the plea of guilty or conviction of the defendant, and dismiss the action and discharge the defendant....

This section was entirely replaced July 1, 1980, by U.C.A., 1953, § 77–18–1 (as enacted 1980); 1980 Utah Laws 110, ch. 15, § 2.

3. *State v. Chambers*, Utah, 533 P.2d 876 (1975). Defendant's reliance on this case is misplaced. In *Chambers*, the trial court disposed of the criminal charges under then section 77–35–17, and not under section 76–3–402 as represented by appellant. The later section was not even enacted until after the sentence imposed in *Chambers*. *See also English v. State*, 274 Ark. 304, 626 S.W.2d 191 (1981), where such a proceeding does not constitute a conviction or finding of guilt.