**STATE of Utah, Plaintiff and Respondent,**

v.

**Marty Lee GALLEGOS, Defendant and Appellant.**

**No. 860030.**

Supreme Court of Utah.

June 22, 1987.

Khris Harrold, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Sandra L. Sjogren, Salt Lake City, for plaintiff and respondent.

HALL, Chief Justice:

Defendant appeals a district court ruling which denied his presentence motion to withdraw his plea of guilty to aggravated sexual assault, Utah Code Ann. § 76–5–405 (Supp.1985) (amended 1986). After much deliberation, this Court has concluded that the district court abused its discretion by denying the motion.

Defendant was originally charged with one count of aggravated burglary and two counts of aggravated sexual assault, having allegedly raped, sodomized, and severely beaten his girlfriend in her home. After a preliminary hearing at which the victim testified and photographs of her injuries were introduced, defendant, pursuant to a plea agreement, pleaded guilty to one count of aggravated sexual assault. The plea was given in conformity with Utah Rule of Criminal Procedure 11(e).[1]

Before sentencing, defendant moved to set aside his plea based upon newly discovered evidence. Specifically, defendant based his motion upon the fact that the victim had recanted her preliminary hearing testimony. In support of his motion, defendant relied on the affidavit of the victim in which she stated that due to pressure from her parents, she had lied in her preliminary hearing testimony implicating defendant. The district court denied the motion and sentenced defendant to a term of ten years to life imprisonment.

The issue before the Court is quite narrow: whether the district court abused its discretion by denying defendant's presentence motion to set aside his guilty plea where subsequent to its entry but prior to sentencing, the lead prosecution witness, the victim, recanted her earlier testimony. Resolution of this issue also requires us to outline the necessary procedure when such motions are grounded on issues going to the merits of the case.

A knowing, intelligent, and voluntary plea of guilty is an acknowledgment that the accused is guilty of the offense charged.[2] Therefore, when a defendant pleads guilty he or she admits the commission of each element of the offense to which he or she is entering the plea.[3] Notwithstanding these general principles, Utah Code Ann. § 77–13–6 (1982) allows a guilty plea to be set aside: "A plea of guilty ... may be withdrawn only upon good cause shown and with leave of court." The rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea which was unknowingly, unintelligently, or involuntarily made.[4] However, withdrawal of a plea of guilty is a privilege, not a right.[5] And the granting of a presentence motion to withdraw a plea of guilty is within the sound discretion of the trial court.[6]

The entry of a guilty plea involves the waiver of several important constitutional rights, including the privilege against compulsory self-incrimination, the right to trial by jury, and the right to

1. Utah Code Ann. § 77–35–11(e) (Supp.1986).

2. Utah Code Ann. § 77–13–2 (1982).

3. *McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969); *see North Carolina v. Alford,* 400 U.S. 25, 32, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970); Utah Code Ann. § 77–35–11(e)(4) (Supp.1987).

4. *E.g., United States v. Carr,* 740 F.2d 339, 345 (5th Cir.1984), *cert. denied,* 471 U.S. 1004, 105 S.Ct. 1865, 85 L.Ed.2d 159 (1985).

5. *See State v. Hanson,* 627 P.2d 53, 54 (Utah 1981); *State v. Gotschall,* 570 P.2d 1029, 1030 (Utah 1977).

6. *State v. Bennett,* 657 P.2d 1353, 1354 (Utah 1983) (per curiam). *Bennett* appears to be the first case to be decided under section 77–13–6. Prior to the enactment of that section, Utah statutory law provided, "The court may at any time before judgment, upon a plea of guilty, permit it to be withdrawn and a plea of not guilty substituted." Utah Code Ann. § 77–24–3 (1978) (repealed 1980). This language was first interpreted to give trial courts discretion in *State v. Lee Lim,* 79 Utah 68, 7 P.2d 825 (1932). This holding in *Lee Lim* has been followed in a long line of cases. *E.g., Hanson,* 627 P.2d at 54 n. 1 (1981).

confront witnesses.[7] Because the entry of such a plea constitutes such a waiver, and because the prosecution will generally be unable to show that it will suffer any significant prejudice if the plea is withdrawn, a presentence motion to withdraw a guilty plea should, in general, be liberally granted.

In evaluating the reasons advanced for a presentence motion to withdraw a guilty plea, we accept the view that trial courts should not attempt to decide the merits of a claim related directly to the merits of the charge against the defendant, thus passing on the question of his guilt or innocence.[8] However, where such a motion raises issues that are only tangential in nature, that is to say they have no direct relation to the merits of the case, the court may hold an evidentiary hearing on the issues and determine whether they show a fair and just reason for granting leave to withdraw the plea.[9]

Application of the foregoing principles to the totality of circumstances in this case prompts the conclusion that the district court abused its discretion. The district court denied defendant's motion for withdrawal based on the technical and speculative grounds that no new evidence had been discovered and that the purported victim may have been coerced into changing her story. In our view, the district court was apprised of critical new evidence which cast doubt on defendant's guilt, evidence which, if believed by the finder of fact at trial, could result in acquittal. In refusing to set the plea aside, the district court appears to have been influenced by the prosecutor's suggestion that the victim

was either coerced or cajoled by defendant into recanting her earlier testimony. However, there was no direct evidence to support this claim, and defendant denied any improper conduct. On appeal, the State makes the same argument and urges that we sustain the trial court lest defendant be allowed to subvert the judicial process by his alleged influence over the witness. The difficulty with this argument is that the credibility of the witness's recantation and, ultimately, defendant's guilt or innocence are matters left to the determination of the jury after hearing all the evidence. Trial and appellate courts should not refuse to permit a matter to go to trial because they may not be persuaded by new and indisputably pivotal evidence.[10]

In the district court, the State claimed that it would be severely prejudiced if defendant's plea was set aside, since the victim had recanted her testimony and had become a hostile witness. This claim of prejudice, however, should not prevent this case from going to trial. Furthermore, the State will not be precluded from proceeding further with this matter. We are unpersuaded that the law is so ineffectual. At trial, it is entirely possible that the jury would convict defendant on the preliminary hearing testimony of the victim and the other evidence of her injuries, ignoring her later recantation. It may not be as easy to obtain a conviction as it may have been to obtain the guilty plea, but that should not deter a determined prosecutor.[11]

Defendant's sentence is reversed, and the case is remanded for trial.

---

7. *McCarthy*, 394 U.S. at 466, 89 S.Ct. at 1170.

8. *Gearhart v. United States*, 272 F.2d 499, 502 (D.C.Cir.1959). However, *Gearhart* states that the rule is not rigidly applied: "If the Government urges that the defense is patently frivolous, a preliminary hearing might be justified." *Id.* at 503.

9. *Compare id.* at 502–03 *with United States v. Webster*, 468 F.2d 769 (9th Cir.1972).

10. *See Gearhart*, 272 F.2d at 503.

11. The State repeatedly asserts that to permit the withdrawal of this plea will permit defendant to escape justice. We note that the State is not without remedies against defendant and the witness. It may be that the preliminary hearing testimony was true and that the victim now is offering to testify falsely. If so, then she will be guilty of perjury and may be prosecuted accordingly. Utah Code Ann. §§ 76–8–502 to –505 (1978). And if defendant improperly induced the witness's change in testimony, then he may be guilty of suborning perjury. Utah Code Ann. § 76–8–508 (1978).

STEWART, Associate C.J., and HOWE, DURHAM and ZIMMERMAN, JJ., concur.