STATE of Utah, Plaintiff and Appellee,

v.

Timothy Kevin DUNCAN, Defendant and Appellant.

No. 900217–CA.

Court of Appeals of Utah.

May 10, 1991.

Charles F. Loyd, Jr. and Ronald S. Fujino (argued), Salt Lake Legal Defender Ass'n, Salt Lake City, for defendant and appellant.

R. Paul Van Dam, State Atty. Gen. and David B. Thompson (argued), Asst. Atty. Gen., for plaintiff and appellee.

Before GREENWOOD, JACKSON, and RUSSON, JJ.

## OPINION

GREENWOOD, Judge:

Appellant, Timothy Kevin Duncan, appeals his jury conviction of theft by deception, a class B misdemeanor, under Utah Code Ann. § 76–6–405 (1990), and receiving stolen property, a second degree felony, under Utah Code Ann. § 76–6–408 and § 76–6–412(1)(a)(i) (1989). Duncan asserts that the trial court erred in prohibiting impeachment of a prosecution witness with a prior criminal conviction. We affirm Duncan's conviction.

## BACKGROUND

On July 8, 1989, a used plasma cutter and a used battery charger were stolen from "Mike's Auto Body" shop in Salt Lake City, Utah. Both items were pawned in Salt Lake City. Duncan's signature appeared on the pawn receipt. On August 29, 1989, Duncan was charged with receiving stolen property, a second degree felony, and with theft by deception, a class B misdemeanor. Prior to trial, Duncan sought a ruling from the trial court to

allow him to impeach the prosecution's chief witness, Mike Skillings. Skillings was the owner of Mike's Auto Body.

Skillings had been charged in 1986 with unlawful distribution for value of a controlled substance, a second degree felony. He had pleaded guilty to a lesser charge of attempted unlawful distribution of a controlled substance, a third degree felony. The trial court then entered a conviction for Skillings' offense as a class A misdemeanor pursuant to Utah Code Ann. § 76–3–402 (1990). This statute provides that

(1) If the court, having regard to the nature and circumstances of the offense of which the defendant was found guilty and to the history and character of the defendant, concludes that it would be unduly harsh to record the conviction as being for that category of offense established by statute and to sentence the defendant to an alternative normally applicable to that offense, the court may, unless otherwise specifically provided by law, enter a judgment of conviction for that next lower category of offense and impose sentence accordingly.

(2) Whenever a conviction is for a felony, the conviction shall be deemed to be a misdemeanor if:

(a) The judge designates that sentence to be for a misdemeanor and the sentence imposed is within the limits provided by law for a misdemeanor....

As a result, Skillings' offense was denoted as attempted unlawful distribution for value of a controlled substance, a class A misdemeanor. He was sentenced to twelve months in jail with eighteen months probation.

Duncan moved for permission to use Skillings' guilty plea to impeach his testimony pursuant to Utah R.Evid. 609(a). Rule 609(a) provides as follows:

For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

The trial court denied Duncan's pretrial motion to impeach Skillings' testimony with his 1986 conviction, concluding that the conviction could not be used for impeachment purposes under Rule 609(a)(1) because it was a misdemeanor not punishable by imprisonment in excess of one year and did not involve a crime of dishonesty or false statement. It stated:

The court concludes that the order of May 2nd, 1986, signed by Judge Sawaya is the actual conviction. That on its face indicates that the crime is attempted unlawful distribution for value of a controlled substance, a class A misdemeanor.

Accordingly, under 609(a), the court concludes that it is not a conviction involving imprisonment for over one year. So, for that reason, I will not allow you to use that for impeachment purposes.

Subsequently, Skillings was allowed to testify as to the fair market value of the used battery charger and used plasma cutter that were stolen from his auto repair shop.[1] After a jury trial, Duncan was convicted as charged. He was sentenced to concurrent terms of one to fifteen years for the felony and six months for the misdemeanor.

On appeal, Duncan argues the trial court erred in excluding evidence about the prior criminal conviction of State's witness Skillings.

## ANALYSIS

We must determine whether a plea of guilty to a felony should be considered a

---

1. Skillings testified that the stolen property's value exceeded $1,000, thus constituting a second degree felony under Utah Code Ann. § 76–6–412(1)(a)(i) rather than a lesser crime under subsections (b), (c), or (d), if the property were valued at less than $1,000.

felony conviction for impeachment purposes under Rule 609(a)(1) when a judgment of conviction was subsequently entered for a misdemeanor pursuant to a statute that allows a judge to enter a judgment of conviction for the next lower category of offense.

Duncan argues that by excluding evidence of Skillings' prior conviction, the court deprived him of an effective means of impeaching Skillings' credibility. He contends that when Skillings pleaded guilty to a third degree felony charge, his plea constituted the "conviction" for impeachment purposes. Further, he claims that a subsequent reduction of the crime should not nullify the operation of his guilty plea as a conviction for impeachment purposes. We disagree.

■ When a challenge to a trial court's decision concerns a question of law, we accord no particular deference, but review for correctness. *Scharf v. BMG Corp.*, 700 P.2d 1068, 1070 (Utah 1985). Statutory interpretation presents a question of law. *Berube v. Fashion Centre, Ltd.*, 771 P.2d 1033, 1038 (Utah 1989); *State v. Serpente*, 768 P.2d 994, 995 (Utah Ct.App.1989).

We begin by determining the applicable definition of "conviction" under Rule 609(a), noting that courts have utilized differing interpretations. At common law, the court had to enter a judgment on the finding of guilt before a person was "convicted" of a crime. *Myers v. State*, 303 Md. 639, 496 A.2d 312, 313 (1985) (citing 2 J. Wigmore, *Evidence in Trials at Common Law* § 521, at 731 (J. Chadbourn ed. 1979). In recent cases, the definition turns upon the context and the purpose within which the term "conviction" is used. *Id.* 496 A.2d at 313; *see also Conlow v. State*, 441 A.2d 638, 639 (Del.1982) (per curiam); *State v. Ege*, 274 N.W.2d 350, 355 (Iowa 1979). For example, an ordinary or popular usage refers to guilt by verdict or plea before, and independent of, the judgment of the court. *Myers*, 496 A.2d at 313; *State v. Hanna*, 179 N.W.2d 503, 508 (Iowa 1970).

■ On the other hand, when applying a legal and technical meaning, "conviction" refers to the final judgment entered on the plea or verdict of guilty. *Vasquez v. Courtney*, 272 Or. 477, 537 P.2d 536, 537 (1975) ("The second, more technical meaning of conviction refers to the final judgment entered on a plea or verdict of guilty. In the latter case conviction has not been accomplished until the judgment is made by the court"); *Myers*, 496 A.2d at 315 ("[A] person is not 'convicted' of an offense until the court enters a judgment upon the verdict of guilty").

Duncan, citing *State v. Delashmutt*, 676 P.2d 383 (Utah 1983) (per curiam), contends that the relevant reference point for impeachment purposes is the guilty plea and not the judgment of conviction. In *Delashmutt*, the defendant appealed his felony convictions on grounds that the trial court erred in denying his motion to suppress evidence of a prior guilty plea to a felony in Washington where sentence had not been imposed. The court held that "a prior plea of guilty to a felony is a conviction that must be answered by an accused...." *Id.* at 384.

Subsequent to *Delashmutt*, however, doubts have surfaced as to its continued viability.[2] In *State v. Theison*, 709 P.2d 307 (Utah 1985) (per curiam), the supreme court upheld denial of the defendant's petition for expungement of his conviction because of an inadequate record on appeal. The supreme court found that the entry of a guilty plea alone did not constitute a conviction to justify possible expungement.

Our examination of the record fails to disclose any conviction of defendant to

---

2. In *State v. Morrell*, 803 P.2d 292 (Utah Ct.App. 1990), this court stated that "*Delashmutt* has questionable value as precedent. Significant case law concerning the nature of guilty pleas has developed since *Delashmutt* which gives doubt to its continued vitality." *Id.* at 294 n. 2, (*citing State v. Gallegos*, 738 P.2d 1040 (Utah 1987)); *State v. Kay*, 717 P.2d 1294, 1303–05

(Utah 1986). *Morrell* also observed that "[i]n view of the liberality with which motions to withdraw guilty pleas are to be granted prior to sentence ... we see real difficulty, for Rule 609(a)(2) purposes, in equating a mere guilty plea, prior to sentencing, with an actual conviction." *Id.*

be expunged.... There is nothing in the record before this Court to show any acceptance of the guilty plea, findings, conviction, judgment, or imposition of sentence by the lower court upon defendant.

Without any indication in the record of the proceedings below concerning the disposition of the second degree felony charge against defendant, we cannot determine in what manner the court acted. It is possible that the court intended to enter defendant's conviction, impose sentence which was stayed, and place defendant on probation. But the record does not so indicate.

*Id.* at 308 (footnote omitted).

*Theison* recognizes that guilty pleas can be modified or even nullified by subsequent events. Equating a guilty plea with a conviction is therefore a questionable practice.

Further dilution of *Delashmutt* is found in *State v. Gallegos,* 738 P.2d 1040 (Utah 1987), where the defendant appealed from a denial of his presentence motion to withdraw his plea of guilty to aggravated sexual assault. The supreme court held that because entry of a plea of guilty involves waiver of important constitutional rights, a presentence motion to withdraw a guilty plea should be liberally granted. *Id.* at 1041–42. Likewise, in *State v. Kay,* 717 P.2d 1294, 1299 (Utah 1986), the supreme court emphasized the non-finality of guilty pleas prior to sentencing. Therefore, we read Utah cases to mean that when the crime encompassed in a guilty plea is later modified by withdrawal of the plea or the court's judgment, the later action defines the actual conviction.

■ We also look to interpretations of the Federal Rules of Evidence for guidance. *See State v. Banner,* 717 P.2d 1325, 1334 (Utah 1986). Federal cases that discuss guilty pleas for purposes of impeachment under Fed.R.Evid. 609(a)(1) are scarce, but suggest that a guilty plea to a crime not involving dishonesty or false statement can be used to impeach a witness only where it has resulted in conviction at a felony level. *See United States v. Pardo,* 636 F.2d 535, 545 n. 32 (D.C.Cir.1980).

However, prior to the 1975 adoption of the present federal rules, the "settled view" was that a guilty plea upon which conviction had not been entered could not be used to impeach a witness. *United States v. Semensohn,* 421 F.2d 1206, 1208 (2nd Cir.1970); *Crawford v. United States,* 41 F.2d 979, 980 (D.C.Cir.1930) (also citing five state cases). *See also United States v. Lee,* 509 F.2d 400, 405 (D.C.Cir.1974) (applying District of Columbia code provision identical to Rule 609(a)). The contrary view was espoused in *United States v. Turner,* 497 F.2d 406, 408 (10th Cir.1974), and appellant urges us to adopt that view here. *Turner,* however, does not appear to be widely followed, if at all. Therefore, given its minority status, along with the non-final nature of a guilty plea, as evidenced in recent Utah decisions, we decline to adopt the *Turner* approach of equating a guilty plea with a conviction for Rule 609(a)(1) impeachment purposes.

We finally revisit the text of Utah Code Ann. § 76–3–402 (1990), under which witness Skillings' conviction was reduced to a class A misdemeanor. Subsection (2)(a) states that a felony upon which a misdemeanor sentence is imposed *shall be deemed* to be a misdemeanor conviction. In interpreting statutes, we "give effect, if possible, to every word of the statute." *Madsen v. Borthick,* 769 P.2d 245, 252 n. 11 (Utah 1988); *see also* Utah Code Ann. § 68–3–11 (1990) (words in statutes generally construed by context and approved usage).[3] Duncan's argument would require us, in effect, to construe section 76–3–402 to mean that a felony sentenced as a misdemeanor shall be deemed a misdemeanor *except* when the offense is needed to impeach the defendant under Rule 609(a)(1). The language of section 76–3–402 simply does not support this exception. Instead,

---

**3.** Section 68–3–11 also states that "technical words and phrases, and such others as have acquired a peculiar and appropriate meaning in law ... are to be construed according to such peculiar and appropriate meaning or definition." As already discussed, we have adopted the "technical" meaning of the word "conviction" for Rule 609(a)(1) purposes.

the language indicates that a guilty defendant who is considered worthy of a reduced sentence should receive all the advantages that go with such leniency. Those advantages include the privilege not to have certain transgressions used later to impeach credibility.

In view of the foregoing, we hold that it is the final judgment of the court on a guilty verdict or plea that constitutes a conviction for impeachment purposes under Rule 609(a)(1). It is this "conviction" which reflects the final determination of the seriousness of the acts committed and, as a result, its relevance for impeachment purposes. Therefore, Skillings' guilty plea to a felony is not controlling, but rather the subsequent judgment of conviction of a misdemeanor controls. Since the conviction was not for a felony punishable by more than a year incarceration, and is not asserted to be for a crime involving dishonesty or false statement, it could not be used to impeach Skillings.[4]

### CONCLUSION

The trial court properly excluded the use of witness Skillings' misdemeanor conviction for impeachment purposes under Rule 609(a)(1). Accordingly, appellant Duncan's conviction in the instant case is affirmed.

JACKSON and RUSSON, JJ., concur.

---

**4.** *See State v. Morehouse,* 748 P.2d 217, 222 n. 2 (Utah Ct.App.1988) (possession of controlled substance is crime not involving dishonesty or false statement). *See also State v. Bruce,* 779 P.2d 646, 653–56 (Utah 1989) (discussing "credibility-deteriorating quality" of crime admissible under Rule 609(a)(2)).

Because Skillings' conviction was not punishable by more than one year incarceration, the requirement of Rule 609(a)(1) to balance the prejudicial and probative aspects of evidence of the conviction does not apply. Therefore, we do not address appellant's arguments about the applicability of that requirement where the impeached witness is not the defendant.