**STATE of Utah, Plaintiff and Appellee,**

v.

**Don Ralph THORUP, Defendant and Appellant.**

**No. 920404–CA.**

Court of Appeals of Utah.

Nov. 13, 1992.

Harry Caston, Salt Lake City, for defendant and appellant.

R. Paul Van Dam and Sheila Page, Salt Lake City, for plaintiff and appellee.

Before BILLINGS, GREENWOOD and ORME, JJ.

## OPINION

BILLINGS, Associate Presiding Judge:

Defendant Don Ralph Thorup, under a plea bargain agreement, pleaded guilty to seven of eighty-two charged felonies. Before sentencing, defendant moved to set aside his guilty plea, claiming it was not voluntary. After an evidentiary hearing, the trial court denied defendant's motion. We affirm.

## FACTS

Defendant is a fifty-four-year-old businessman and college graduate. He was charged with sixty-four first-degree counts

of communications fraud, fifteen second-degree counts of computer fraud, one second-degree count of theft, one second-degree count of sexual exploitation of a minor, and one second-degree count of racketeering, for a total of eighty-two felonies. Defendant pleaded guilty to seven felonies: four counts of computer fraud, one count of theft, one count of communications fraud, and one count of racketeering.

Before entering his plea, defendant reviewed and signed a plea affidavit. The affidavit set forth the elements of the crimes to which defendant was pleading guilty. It also delineated the rights defendant was relinquishing and defendant's admission he was entering his plea knowingly and voluntarily.

In open court, the judge reviewed with defendant each element of Rule 11 of the Utah Rules of Criminal Procedure. In accepting defendant's plea, the court found:

> [T]he plea is knowingly and voluntarily entered and that [defendant] has full knowledge of the rights that he's giving up in entering the plea and has been counseled by able counsel and he's familiar with these matters, and the pleas of guilty to those enumerated counts may be entered at this time.

Soon after the hearing, and before sentencing, defendant, through new counsel, moved to withdraw his guilty plea claiming his plea was not voluntary. He asserted his plea was the result of undue influence by his father and coercion by his attorney.

The court held an extensive evidentiary hearing on defendant's motion. After the hearing, in a written opinion, the court emphasized defendant is a "middle aged college graduate with considerable experience in the commercial world and some exposure to the criminal procedure." The trial judge noted that in accepting defendant's plea he repeatedly asked defendant if he was certain he wanted to follow through with his plea; in each instance defendant indicated he desired to plead guilty. The court found no evidence supporting defendant's allegations his attorney threatened to abandon representation of defendant for economic reasons. The court

also found no evidence of undue influence or coercion.

The court concluded defendant entered his plea knowingly and voluntarily and denied defendant's motion to set aside his guilty plea. Defendant appeals claiming his plea was not voluntary and thus the court abused its discretion in denying his motion to set aside his plea.

## STANDARD OF REVIEW

In Utah, "[a] plea of guilty ... may be withdrawn only upon good cause shown and with leave of the [trial] court." Utah Code Ann. § 77–13–6(2)(a) (1990). A "withdrawal of a plea of guilty is a privilege, not a right ... [and] is within the sound discretion of the trial court." *State v. Gallegos*, 738 P.2d 1040, 1041 (Utah 1987). On appeal the trial court's denial of a motion to set aside a guilty plea will not be disturbed "unless it clearly appears that the trial court abused its discretion." *State v. Trujillo–Martinez*, 814 P.2d 596, 599 (Utah App.1991); *accord State v. Mildenhall*, 747 P.2d 422, 424 (Utah 1987).

Defendant, on appeal, emphasizes language from *Gallegos* which reads, "[b]ecause the entry of such a plea constitutes ... a waiver, and because the prosecution will generally be unable to show that it will not suffer any significant prejudice if the plea is withdrawn, *a presentence motion to withdraw a guilty plea should, in general, be liberally granted.*" *Gallegos*, 738 P.2d at 1042 (emphasis added). This liberal-approach language, however, is directed to the trial court's exercise of discretion. The language in no way alters the statutory requirement of good cause for the withdrawal of a guilty plea nor our abuse-of-discretion standard of review.

The issue whether the trial court abused its discretion in denying defendant's presentence motion to withdraw his plea turns on whether the trial court incorrectly found defendant was not coerced by either his family or attorney into pleading guilty. The trial court found no coercion, and we will reverse this finding only if it is clearly

erroneous. *Tolman v. Salt Lake County Attorney,* 818 P.2d 23, 27 (Utah App.1991).

## VOLUNTARY PLEA

■■■ To withdraw a guilty plea defendant must show good cause. Good cause exists where the plea was entered involuntarily. *See State v. Forsyth,* 560 P.2d 337, 338 (Utah 1977). In *Forsyth,* the Utah Supreme Court stated, "[w]e are in full agreement with the proposition that for a plea of guilty to be valid it must appear that the accused had a clear understanding of the charge and without undue influence, coercion, or improper inducement voluntarily entered such plea." *Id.* at 338–39.

■■■ Defendant does not claim the trial court did not strictly follow Rule 11 of the Utah Rules of Criminal Procedure in the plea proceeding.[1] The trial court's compliance with Rule 11 does not foreclose the possibility the court abused its discretion in refusing defendant's motion if his plea was in fact involuntary. Rule 11, however, does create a presumption the plea was entered voluntarily.

The purpose of strict compliance with Rule 11 is to ensure a defendant pleads "freely and voluntarily, with full knowledge of the consequences of the plea." *State v. Kay,* 717 P.2d 1294, 1299 (Utah 1986). When the plea is entered in the presence of counsel, following the execution and review by the court of an affidavit which meets the requirements of Rule 11 and where the defendant, both in affidavit and in colloquy with the court, denies the plea was a result of threats, promises, or coercion, there is persuasive evidence the plea was voluntary. *See State v. Hickman,* 779 P.2d 670, 672 (Utah 1989); *State v. Branch,* 743 P.2d 1187, 1192 (Utah 1987); *State v. Saunders,* 699 P.2d 738, 743 (Utah 1985).

■■■ After listening to extensive testimony in the evidentiary hearing on defendant's motion to withdraw his plea, the trial court determined defendant's argument that his plea resulted from coercion and undue influence from his family and attorney "had little credibility." The court based its determination on defendant's age, education, and considerable experience. The court thus concluded defendant's plea was voluntary. In his ruling, the judge emphasized that at the time of the plea he had repeatedly given defendant the opportunity to withdraw from the plea bargain. The court further stated, after hearing the testimony of defendant, his brother, his father, and his former lawyer:

> As to the assertion that [defendant's] attorney used undue influence, the evidence presented shows nothing more than an attorney counseling the defendant and his family with regard to what he considers to be the best approach, knowing all of the facts from the defendant's point of view and giving his considered judgment and advice to the defendant and his family that the plea barg[a]in was in the defendant's best interest.... The court could not find from evidence presented on this question that [defendant's attorney] in any way abandoned his representation for economic reasons or because of pressures from the family to change his advice and reject the plea bargain and enter a plea of not guilty.

Based upon the record before us, we cannot say the court abused its discretion in concluding defendant's plea was voluntary and thus denying defendant's motion to withdraw his guilty plea.

GREENWOOD and ORME, JJ., concur.

---

**1.** *See generally* Utah R.Crim.P. 11; *State v. Gibbons,* 740 P.2d 1309 (Utah 1987) (requiring strict adherence to Rule 11 in accepting guilty pleas); *State v. Maguire,* 830 P.2d 216 (Utah 1992) (describing relationship between plea affidavit and plea hearing in guaranteeing strict compliance with Rule 11).