**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Romeo BEORCHIA, Defendant and Appellant.**

**No. 13729.**

Supreme Court of Utah.

Dec. 30, 1974.

A. W. Lauritzen, Logan, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

The defendant was charged in the District Court of Cache County with the violation of Section 76-10-503, U.C.A.1953, as amended, in that the defendant, who was not a citizen of the United States, did have in his possession, custody and control dangerous weapons consisting of a .38 caliber pistol and a shotgun.

At the conclusion of the trial, the jury returned a verdict of guilty and the court pronounced judgment on the verdict, and from the verdict and sentence the defendant is here seeking a reversal.

The language of the section under which the charge was laid is as follows:

Any person who is not a citizen of the United States or any person who has been convicted of any crime of violence under the laws of the United States, the state of Utah, or any other state, government, or country, or who is addicted to the use of any narcotic drug, or any person who has been declared mentally incompetent shall not own or have in his possession or under his custody or control any dangerous weapon as defined in this part. Any person who violates this section is guilty of a class A misdemeanor, and if the dangerous weapon is a firearm or sawed-off shotgun he shall be guilty of a felony of the third degree.

The defendant challenges the validity of the statute claiming that it violates the provisions of both the Utah and the federal constitutions.

On January 17, 1974, a police officer of Logan City, the sheriff of Cache County and his deputy, and an agent of the Federal Bureau of Investigation went to the apartment of the defendant for the purpose of apprehending the defendant's brother as a deserter from military service. While at the apartment the officers observed a pistol hanging from the bed and also a 20-gauge shotgun hanging on the wall. One of the officers copied the serial number from the pistol. After the officers left the apartment they obtained a search warrant and returned, and on their return they seized the shotgun but were unable to find the pistol. When questioned about the whereabouts of the pistol the defendant told the officers that he had lost it while hunting.

As a first claim of error the defendant claims here that the jury was not properly selected and impaneled. The record discloses that counsel for the defendant informed the trial court out of the presence of the jury that he intended to challenge the panel. Nowhere in the record does it appear that any such challenge was made, nor does it appear that the matter was ruled upon by the court below. The matter not having been presented to the court below, we do not consider it on appeal.

As a second claim of error the defendant says there was insufficient evidence to support the State's contention that he had possession of firearms. After a review of the evidence we conclude that the record is sufficient to show that the defendant had possession, custody, or control of the weapons specified in the information.

In dealing with the defendant's further claim that the statute is invalid we first direct our attention to the provisions of the pertinent protection of the Utah Constitution which is Article I, Section 6, which reads as follows:

The people have the right to bear arms for their security and defense, but the Legislature may regulate the exercise of this right by law.

It is quite evident from the language above set forth that the Legislature had sufficient power to enact the statute in question.

The further claim of the defendant is that the statute is discriminatory and violates the equal protection clause of the Fourteenth Amendment to the federal constitution. The sale, use and possession of firearms are proper subjects of regulation by the State. The Fourteenth Amendment is not generally applied so as to restrict exercise of the police powers of the State.

The statute under consideration was directed toward the safeguarding of the public peace and security and is thus a proper exercise of the police powers.[1] It appears that the legislature determined that possession of firearms by aliens was harmful, and we do not quarrel with the decision of that body.

We find no prejudicial errors in the record before us, and the verdict and judgment of the court below are affirmed.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.

1. Ex Parte Rameriz, 193 Cal. 633, 226 P. 914, 34 A.L.R. 51; Patsone v. Pennsylvania, 232 U.S. 138, 34 S.Ct. 281, 58 L.Ed. 539; Anno. 24 A.L.R. 1119; 3 Am.Jur.2d, Aliens & Citizens, Sec. 41, p. 890.