STATE of Utah, Plaintiff and Appellee,

v.

James Ivan HUNT, Defendant
and Appellant.

No. 940267.

Supreme Court of Utah.

Nov. 9, 1995.

Jan Graham, Atty. Gen., Joanne C. Slotnik, Asst. Atty. Gen., Salt Lake City, for plaintiff.

Michael E. Jewell, Provo, for defendant.

STEWART, Associate Chief Justice:

Defendant James Ivan Hunt brings this interlocutory appeal challenging a district court order denying his motion to dismiss two of three counts charged against him. Hunt was charged in an information with three counts of distributing marijuana, on June 30, July 1, and August 11, 1993, in violation of Utah Code Ann. § 58–37–8(1)(a)(ii), a third degree felony.[1] Nevertheless, because there were multiple counts in the information, the prosecutor presumed that counts II and III were subject to the enhanced penalty provision of § 58–37–8(1)(b) pertaining to repeated offenses. That subsection states in pertinent part:

Any person convicted of violating Subsection (1)(a) with respect to:

. . . .

(ii) a substance classified in Schedule III or IV, or marijuana, is guilty of a third degree felony, and *upon a second or subsequent conviction* punishable under this subsection is guilty of a second degree felony.

(Emphasis added.) As a result, counts II and III were subject to a one degree enhancement to second degree felonies. However, the information also alleged that the offenses had occurred within a "drug free zone." § 58–37–8(5)(a). Violations involving drugs that occur within such a zone are also subject to heightened penalties:

If the classification that would otherwise have been established would have been less than a first degree felony but for this subsection, a person convicted under this subsection is guilty of one degree more than the maximum penalty prescribed for that offense.

Utah Code Ann. § 58–37–8(5)(c). Thus, with an additional one degree enhancement applied to all three counts, count I was charged as a second degree felony, and counts II and III were charged as first degree felonies.

■ Hunt does not challenge the school zone enhancement, but he does argue that application of the enhanced penalty provision in § 58–37–8(1)(b) was improper. In construing that section, our primary aim is to ascertain and effectuate the Legislature's intent. *Versluis v. Guaranty Nat'l Cos.*, 842 P.2d 865, 867 (Utah 1992). "The best evidence of the true intent and purpose of the Legislature in enacting the Act is the plain language of the Act." *Jensen v. Intermountain Health Care, Inc.*, 679 P.2d 903, 906 (Utah 1984). Moreover, "any interpretation which renders parts or words in a statute inoperative or superfluous is to be avoided." *United States v. Rawlings*, 821 F.2d 1543, 1545 (11th Cir.1987) (citing *Weinberger v. Hynson, Westcott & Dunning, Inc.*, 412 U.S. 609, 633, 93 S.Ct. 2469, 2485, 37 L.Ed.2d 207 (1973)); *see also US Xpress, Inc. v. Utah State Tax Comm'n*, 886 P.2d 1115, 1118 (Utah Ct.App.1994).

■ In contesting the application of the enhanced penalty provision, Hunt asserts that the offenses resulting in the "second or subsequent conviction" must occur after entry of a first conviction for the penalty to be increased. This argument is based upon policy reasoning that assumes the Legislature intended the enhancement to apply only to offenses that occur after a judgment of conviction is entered and the defendant has had the opportunity to reform and has failed to do so by repeating his crime. *See State v. Carlson*, 560 P.2d 26 (Alaska 1977); *State v. Hollins*, 310 N.W.2d 216 (Iowa 1981); *Gargliano v. State*, 334 Md. 428, 639 A.2d 675 (1994). The purpose of the statute, Hunt submits, is to serve as a warning to first time offenders and to give them an opportunity to reform. Second, Hunt argues that for a conviction to provide the basis for enhancement, there must be both a finding of guilt and an entry of a judgment of conviction. This textual argument essentially posits that the term "conviction" as used in § 58–37–8(1)(b) means "judgment of conviction," which consists of "both a plea or a verdict *and* a sentence." *See State v. Duncan*, 812 P.2d 60, 62 (Utah Ct.App.1991). Under either argument, a finding of guilt on one count could not be used to enhance the degree of guilt on simultaneously tried offenses because only one judgment of conviction

---

**1.** The information described marijuana as a "Schedule I" controlled substance but cited § 58–37–8(1)(b)(ii), which lists marijuana along with schedules III and IV controlled substances.

would be entered on all counts charged in the information.

The State counters that the plain language of the statute reveals that the purpose of the statute is not to give one who is convicted a stronger reason to avoid a second conviction but to deter a person from committing a second crime at any time, even in the absence of a conviction. *See United States v. Bennett*, 908 F.2d 189 (7th Cir.1990); *United States v. Rawlings*, 821 F.2d 1543 (11th Cir. 1987); *Washington v. State*, 273 Ark. 482, 621 S.W.2d 216 (1981); *Gimmy v. People*, 645 P.2d 262 (Colo.1982); *Carr v. State*, 96 Nev. 936, 620 P.2d 869 (1980).

We agree. The language of § 58–37–8(1)(b) provides that an enhanced penalty is to be imposed "upon a second or subsequent conviction." This phrase does not address the timing of the offenses but only the number of convictions and when they are entered. According to Hunt's first argument, the enhancement provision may not be invoked unless the second offense actually occurred after the entry of the first conviction. Under this reasoning a defendant could commit an offense, be charged for that offense, and commit another offense while the charges were pending without being subject to the enhancement provision. Even if the defendant sold narcotics outside the courthouse while awaiting the return of a verdict on the first charge, that crime would not qualify for enhancement under Hunt's formulation of the statute. We decline to inject such an amendment into the otherwise plain language of the statute.

Hunt next contends that "conviction" means both a finding of guilt and an entry of judgment in which a sentence is imposed. While this argument, standing alone, does not require that the offense subject to enhancement be committed subsequent to conviction, it does require that all "second or subsequent" offenses be charged separately because a finding of guilt on one count in a multicount information could not provide the basis to enhance penalties on the other counts. For support Hunt cites *State v. Duncan*, 812 P.2d 60 (Utah Ct.App.1991), which considered whether a witness could be impeached as a convicted felon under Rule of Evidence 609(a)(1) where that witness had pleaded guilty to a felony but his sentence was subsequently reduced to a misdemeanor pursuant to Utah Code Ann. § 76–3–402. In that case, the Court of Appeals held that both a finding of guilt and a resulting felony sentence are required to impeach a witness as a convicted felon. *Id.* at 64. *But see State v. Ewell*, 883 P.2d 1360, 1363 (Utah Ct.App.1993) (holding that definition of "conviction" in context of § 76–3–203(4) firearms enhancement does not include sentencing).

■ Previous cases have acknowledged that in the legal context, there are two common meanings for "conviction": one which denotes the establishment of "guilt by verdict or plea" and one which refers to "the final judgment entered on the plea or verdict." *Duncan*, 812 P.2d at 62; *see also Ewell*, 883 P.2d at 1363 n. 1. Those cases have also recognized that the choice of which definition governed turned on "the context and the purpose within which the term 'conviction' is used." *Duncan*, 812 P.2d at 62. Indeed, it is a "fundamental principle of statutory construction (and ... of language itself) that the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used." *Deal v. United States*, 508 U.S. 129, ——, 113 S.Ct. 1993, 1996, 124 L.Ed.2d 44 (1993). *Duncan* thus held that because the judgment of conviction (rather than the ascertainment of guilt) reflected "the final determination of the seriousness of the acts committed" and, hence, the relevance of those acts for impeachment purposes, it was that definition to which Rule 609(a)(1) referred. 812 P.2d at 64.

With respect to § 58–37–8(1)(b), however, the context indicates that the appropriate definition of conviction refers to the determination of guilt by verdict or plea rather than by judgment of conviction. A judgment of conviction includes "the plea or verdict, if any, and the sentence." Utah R.Crim.P. 22(c). Hunt's interpretation obviates the distinction between the terms "second" and "subsequent" by rendering the term "second" surplusage. The ordinary meaning of "second" is after the first, and the ordinary meaning of "subsequent" is following in time. The penalty for a conviction occurring subse-

quent to the entry of a first conviction would be enhanced because it was both a "subsequent" and a "second" conviction. Because the statute provides enhancement for both a "second" and a "subsequent" conviction, the term "second" must mean something other than subsequent. It follows that a conviction on one count in an information can be a legal basis for enhancing other convictions based on counts charged in the same information. *See Deal*, 508 U.S. at ——–——, 113 S.Ct. at 1997; *Rawlings*, 821 F.2d at 1545; *Bennett*, 908 F.2d at 194–95.

As a policy matter, moreover, Hunt's definition of "conviction" would also unnecessarily waste judicial resources. The prosecution could circumvent the multicount enhancement dilemma simply by charging each count in a separate information. Under the present circumstances this would result in three trials, consuming three times the resources. *See Deal*, 508 U.S. at ——, 113 S.Ct. at 1997.

On the basis of the foregoing, we hold that under § 58–37–8(1)(b) a conviction on count I may serve as the basis for enhancing Hunt's penalty on counts II and III irrespective of the timing of the offenses or the employment of a separate or a multicount information. Accordingly, we affirm.

ZIMMERMAN, C.J., and HOWE, DURHAM, and RUSSON, JJ., concur in STEWART, Associate C.J., opinion.