18 P.3d 500 (2000)
2000 UT App 358
STATE of Utah, Plaintiff and Appellee,
v.
Chamnap IN, Defendant and Appellant.
No. 990710-CA.
Court of Appeals of Utah.
December 14, 2000.
*501 Linda M. Jones, Salt Lake Legal Defender Association, Salt Lake City, for Appellant.
Jan Graham, Attorney General and Kris C. Leonard, Assistant Attorney General, Salt Lake City, for Appellee.
Before Judges JACKSON, DAVIS, and ORME.

OPINION
DAVIS, Judge:
¶ 1 Defendant Chamnap In appeals from his judgment of conviction for possession of a dangerous weapon by a restricted person, in violation of Utah Code Ann. § 76-10-503(3)(a)(i) (Supp.1997).[1] Defendant argues that he was not a "restricted person" as defined in section 76-10-503(3)(a)(i) because, although he had pleaded guilty to a prior felony at the time of this offense, he had not been sentenced on that prior felony, and thus, he had not yet "been convicted of any felony offense." See id. Defendant further contends that if his first argument fails, his due process rights were violated because the statute fails to give adequate notice, it is susceptible to arbitrary enforcement, and it interferes with his right to bear arms. We affirm.

BACKGROUND
¶ 2 Defendant, a member of the Tiny Oriental Posse gang, was involved in the drive-by shooting of a member of the Oriental Laotian Gangsters, a rival gang. Defendant pleaded guilty to discharging a firearm from a vehicle, a third degree felony, in violation of Utah Code Ann. § 76-10-508 (Supp.1997), on January 23, 1998. Sentencing on that offense was set for August 7, 1998. One week later, on January 30, 1998, defendant was involved in another shootout. Pursuant to an investigation of that shootout, defendant admitted he was in possession of a handgun, and was subsequently charged with possession of a dangerous weapon by a restricted person, in violation of Utah Code Ann. § 76-10-503(3)(a)(i) (Supp.1997). Defendant's status as a restricted person was based solely on his prior guilty plea to a third degree felony.

ISSUES AND STANDARD OF REVIEW
¶ 3 Defendant asks us to address the following narrow issue: In the context of Utah Code Ann. § 76-10-503(3)(a)(i), is one "convicted" who has pleaded guilty, or been found guilty by a trier of fact but has not yet been sentenced and a judgment of conviction has not yet been entered? "`[I]f the trial court's order is premised on statutory interpretation, as it is here, we afford the trial court's interpretation no deference and review for correctness.'" State v. Dominguez, 1999 UT App 343, ¶ 6, 992 P.2d 995 (citation omitted). Defendant contends, in the alternative, if we hold he is a restricted person under section 76-10-503(3)(a)(i), then a subsequent conviction under section 76-10-503(3)(a)(i) violates his due process rights because the statute fails to give adequate notice, is susceptible to arbitrary enforcement, and interferes with one's right to bear arms.[2] "A constitutional challenge to a statute presents a question of law, which we review for correctness." State v. Lopes, 1999 UT 24, ¶ 6, 980 P.2d 191. "When addressing such a challenge, this court presumes that the statute is valid, and we resolve any reasonable doubts in favor of constitutionality." Id.

ANALYSIS
¶ 4 Utah Code Ann. § 76-10-503(3)(a) (Supp.1997) states in pertinent part, "A person may not ... possess ... any handgun... who: (i) has been convicted of any felony offense under the laws of the United States, *502 this state, or any other state; [or] (ii) is under indictment...." Id. In this case, defendant disputes the trial court's interpretation of the meaning of "convicted." "Previous cases have acknowledged that in the legal context, there are two common meanings for `conviction': one which denotes the establishment of `guilt by verdict or plea' and one which refers to `the final judgment entered on the plea or verdict.'" State v. Hunt, 906 P.2d 311, 313 (Utah 1995) (quoting State v. Duncan, 812 P.2d 60, 62 (Utah Ct. App.1991)); cf. State v. Ewell, 883 P.2d 1360, 1363 (Utah Ct.App.1993) (holding that definition of "conviction" in context of Utah Code Ann. § 76-3-203(4) (1990) firearms enhancement does not include sentencing).
¶ 5 The determination of which definition controls turns on "`the context and the purpose within which the term "conviction" is used.'" Hunt, 906 P.2d at 313 (quoting Duncan, 812 P.2d at 62). "Indeed, it is a `fundamental principle of statutory construction... that the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used.'" Id. (quoting Deal v. United States, 508 U.S. 129, 132, 113 S.Ct. 1993, 1996, 124 L.Ed.2d 44 (1993)).
¶ 6 With respect to section 76-10-503(3)(a), the context and purpose within which the term "convicted" is used indicate that the proper meaning here is guilt by verdict or plea rather than by judgment of conviction at sentencing. The purpose of such a law is to restrict access of weapons to those who could be dangerous to society. The statute restricts access to handguns not only to convicted felons, but also to people under indictment. It would be illogical to restrict a person from possessing a handgun who has merely been accused of committing a crime and is under indictment, but then allow that person to turn around and possess a handgun upon a plea or verdict of guilt pending sentencing.[3] Indeed, the thrust of this statute is to restrict one's possession of a handgun upon an indication that one may be a danger to society. See Utah Code Ann. § 76-10-503(3) (Supp.1997). Thus, the context and purpose of this statute indicate that convicted refers to a plea or verdict of guilt, and not to a judgment of conviction.
¶ 7 This holding is also consistent with the analysis in State v. Hunt, 906 P.2d 311 (Utah 1995), in which the Utah Supreme Court held that the meaning of conviction in the context of a sentencing enhancement statute referred to "the determination of guilt by verdict or plea rather than by judgment of conviction." Id. at 313. The supreme court reasoned that if conviction referred to judgment of conviction then "a defendant could commit an offense, be charged for that offense, and commit another offense while the charges were pending without being subject to the enhancement provision." Id. Likewise, defendant committed a crime with a handgun, after pleading guilty to a felony, while sentencing and judgment were pending on that felony. Such a situation is consistent with the language of the statute, and "[w]e decline to inject . . . an amendment into the otherwise plain language of the statute." Id.
¶ 8 In State v. Ewell, 883 P.2d 1360 (Utah Ct.App.1993), this court examined a firearm enhancement statute, Utah Code Ann. § 76-3-203(4) (1990), which distinguished the terms "sentenced" from "convicted," and held that sentencing must precede the second felony conviction in order to impose the enhancement. See id. at 1363. That holding is consistent with our holding here because the language at issue in Ewell supports the proposition that the Legislature is well aware of the difference between "convicted" and "sentenced." See id. at 1364-65 (Jackson, J., concurring).
¶ 9 Finally, State v. Duncan, 812 P.2d 60 (Utah Ct.App.1991), addressed whether a witness could be impeached for a felony plea which was reduced to a misdemeanor at sentencing. In Duncan, we held that the witness could not be impeached for the felony, once he had been sentenced to the misdemeanor. See id. at 64. This holding is not *503 inconsistent with our holding here. "A guilty defendant who is considered worthy of a reduced sentence should receive all the advantages that go with such leniency." Id. at 64. Likewise, here, if a defendant was found innocent after indictment, or the guilty plea or verdict was set aside or overturned, he would no longer be a restricted person. However, at the time of the plea, the defendant would be restricted based upon that conviction resulting from the plea or verdict.
¶ 10 Thus, in the context of possession of a dangerous weapon by a restricted person, see Utah Code Ann. § 76-10-503(3)(a)(i) (Supp. 1997), the term "convicted" refers either to the entry of a guilty plea or to a guilty verdict, and does not refer to the later entry of judgment on the conviction.
¶ 11 Next, defendant argues that his due process rights were violated because the statute fails to give adequate notice, is susceptible to arbitrary enforcement, and interferes with one's right to bear arms. We disagree.
¶ 12 First, section 76-10-503(3)(a)(i) gives adequate notice. "[T]he failure to define a statutory term is not necessarily fatal to a statute." State v. Shepherd, 1999 UT App 305, ¶ 10, 989 P.2d 503; see also State v. Krueger, 1999 UT App 054, ¶ 23, 975 P.2d 489, cert. granted, 984 P.2d 1023 (Utah 1999) (noting adequate notice of prohibited conduct even when statute failed to define term "delinquent"); State v. Owens, 638 P.2d 1182, 1185 (Utah 1981) (upholding constitutionality of statute when term "gross deviation" was not defined); Salt Lake City v. Lopez, 935 P.2d 1259, 1265 (Utah Ct.App.1997) (holding failure to define "emotional distress" in statute "does not render the statute unconstitutionally vague"). "[A] statute is not unconstitutionally vague if it is sufficiently explicit to inform the ordinary reader what conduct is prohibited and does so in a manner that does not encourage arbitrary and discriminatory enforcement." Krueger, 1999 UT App 054 at ¶ 23, 975 P.2d 489; see also Greenwood v. City of N. Salt Lake, 817 P.2d 816, 819 (Utah 1991). Here, the definition of "convicted" "is sufficiently explicit to inform the ordinary reader what conduct is prohibited." Krueger, 1999 UT App 054 at ¶ 23, 975 P.2d 489. In common usage, the verb "convict" means "to find or prove to be guilty." Webster's Ninth New Collegiate Dictionary 287 (1986); see also Black's Law Dictionary 335 (7th ed. 1999) ("To find (a person) guilty of a criminal offense either upon a criminal trial, a plea of guilty, or a plea of nolo contendere (no contest).") In addition, the statute prohibits a person under indictment from possessing a handgun. It would be unreasonable for a person to interpret the term "convicted" under its technical definition of the actual entry of judgment of conviction, as opposed to its more common meaning of a finding or proving of guilt, especially in light of the prohibition against possessing a handgun when indicted, which is a mere accusation of a crime.
¶ 13 Second, this statute is not susceptible to arbitrary enforcement. The statute is narrowly constructed and there is no assertion that others have been treated differently in the application of this statute. In addition, the statute does not vest unlimited enforcement discretion in anyone.
¶ 14 Finally, this statute does not unconstitutionally interfere with one's right to bear arms. This statute only restricts that right under very limited circumstancessuch as a felony indictment or conviction. See Utah Code Ann. § 76-10-503(3)(a)(i) (Supp.1997). Such restrictions are constitutional. See Utah Const. art. I, § 6 ("nothing herein shall prevent the legislature from defining the lawful use of arms"); State v. Beorchia, 530 P.2d 813, 815 (Utah 1974) (holding that this section is a proper exercise of State police powers).

CONCLUSION
¶ 15 The trial court did not err in finding defendant a "restricted person" as defined in section 76-10-503(3)(a)(i) based upon his prior felony plea of guilty at the time of this offense. In addition, defendant's due process rights were not violated. The statute gives adequate notice, is not susceptible to arbitrary enforcement, and does not unconstitutionally interfere with defendant's right to bear arms. We affirm.
*504 ¶ 16 I CONCUR: JACKSON, Associate Presiding Judge.
¶ 17 I CONCUR IN THE RESULT: GREGORY K. ORME, Judge.
NOTES
[1] This statute has since been amended. See Utah Code Ann. § 76-10-503 (Supp.2000). Although those amendments are not material to the analysis of this case, we rely on the version of the statute which was in effect in January 1998 when defendant committed the offense.
[2] Defendant's attorney stated in oral argument that he was not challenging the statute on its face.
[3] Even if one were later allowed to withdraw his or her plea, or the court entered the conviction for a lower category of offense, one could still be guilty of possession of a dangerous weapon by a restricted person. Such a finding is consistent with the legislative intent, just as one could violate this statute while under indictment even if he or she was later found not guilty.