2001 UT 73

**STATE of Utah, Plaintiff and Appellee,**

v.

**Raymond Dean MORRISON, Defendant and Appellant.**

**State of Utah, Plaintiff and Appellee,**

v.

**Gary Davis Peterson, Defendant and Appellant.**

**Nos. 20000175, 20000258.**

Supreme Court of Utah.

Aug. 21, 2001.

Mark L. Shurtleff, Att'y Gen., Thomas B. Brunker, J. Frederic Voros, Jr., Asst. Att'ys Gen., Salt Lake City, for plaintiff in No. 20000175.

W. Andrew McCullough, Orem, UT, for defendant in No. 20000175.

Mark L. Shurtleff, Att'y Gen., Laura B. Dupaix, J. Frederic Voros, Jr., Asst. Att'ys Gen., Salt Lake City, for plaintiff in No. 20000258.

Neil A. Kaplan, Anneli R. Smith, Salt Lake City, for defendant in No. 20000258.

DURRANT, Justice:

¶ 1 In separate cases, the State charged Raymond D. Morrison and Gary D. Peterson with multiple counts of sexual exploitation of a minor, a second degree felony, in violation of an earlier version of section 76–5a–3(1) of the Utah Code.[1] Morrison entered a conditional plea of guilty to twenty counts of sexual exploitation of a minor. Peterson entered a conditional plea of no contest to one count of sexual exploitation of a minor. Each appealed, and their appeals were consolidated.[2] Both Morrison and Peterson contend section 76–5a–3(1) is unconstitutional on its face. Peterson further contends that section is un-

---

1. Section 76–5a–3(1) of the Utah Code was amended in 2000. *See* Utah Code Ann. § 76–5a–3(1) (Supp.2000). This opinion addresses the earlier version of that section, effective throughout both Morrison's and Peterson's prosecutions.

2. Both cases were originally appealed to the Utah Court of Appeals and then consolidated by that court. Because the consolidated appeals raised constitutional questions of first impression, the court of appeals certified the cases for our review pursuant to section 78–2a–3(3) of the Utah Code.

constitutional as applied to him. Morrison also argues the trial court erred in denying his motion to consolidate the counts brought against him into a single count. We affirm.

## BACKGROUND

### I. *STATE V. MORRISON*

¶ 2 Acting on a search warrant, officers of the St. George Police Department found and seized thousands of photographs of children from Morrison's bedroom on March 30, 1999. The photographs had been downloaded and printed from a computer. Based on the photographs, the State charged Morrison with fifty counts of sexual exploitation of a minor. Morrison filed a motion to dismiss the charges, contending that section 76–5a–3(1) was unconstitutionally overbroad and vague on its face, that it could not constitutionally be applied to him, and that it impermissibly restricted his rights under the First Amendment of the United States Constitution. Morrison also moved to consolidate the fifty counts brought against him into a single count, arguing that the acts constituted a single criminal episode. The trial court denied both motions, and Morrison entered a conditional plea of guilty to twenty of the counts against him. The court sentenced Morrison to twenty concurrent one to fifteen year sentences and assessed a $25,000 fine against him. However, the court then stayed execution of this sentence, placing Morrison on three years' probation instead.

### II. *STATE V. PETERSON*

¶ 3 Peterson was a student at Weber State University in the fall of 1998. On September 30, he downloaded and printed nine photographs from the Internet using a university computer. Peterson was arrested and charged with nine counts of sexual exploitation of a minor. He moved to dismiss the charges claiming section 76–5a–3(1) was unconstitutionally overbroad and vague on its face and could not be constitutionally applied to him. The trial court denied Peterson's motion, and Peterson entered a conditional plea of no contest to one count of sexual exploitation of a minor. Peterson was placed on three years' probation.

## ANALYSIS

¶ 4 On appeal, Morrison and Peterson raise three issues. They both contend section 76–5a–3(1) is unconstitutionally overbroad and vague on its face. Additionally, Peterson argues that the section is unconstitutional as applied to him. Finally, Morrison contends the trial court erred in denying his motion to consolidate the fifty counts against him into a single count. We address these issues in that order.

### I. FACIAL CONSTITUTIONALITY OF SECTION 76–5a–3(1)

¶ 5 Both Morrison and Peterson contend section 76–5a–3(1) is unconstitutionally overbroad and vague on its face. "A constitutional challenge to a statute presents a question of law, which we review for correctness. . . . When addressing such a challenge, this court presumes that the statute is valid, and we resolve any reasonable doubts in favor of constitutionality." *State v. Lopes,* 1999 UT 24, ¶ 6, 980 P.2d 191 (citation omitted). We disagree with Morrison's and Peterson's contentions and conclude the trial courts correctly held section 76–5a–3(1) is not unconstitutionally overbroad or vague.

#### A. *Overbreadth Challenge*

¶ 6 Recognizing "that the sexual exploitation of minors is excessively harmful to their physiological, emotional, social, and mental development," Utah Code Ann. § 76–5a–1 (1999), the legislature enacted section 76–5a–3 "to eliminate the market for those materials [that sexually exploit minors] and to reduce the harm to the minor inherent in the perpetuation of the record of his sexually exploitive activities." *Id.* Section 76–5a–3 reads, in pertinent part, as follows:

(1) A person is guilty of sexual exploitation of a minor:

(a) when he knowingly produces, distributes, possesses, or possesses with intent to distribute, material or a live performance depicting a nude or partially nude minor for the purpose of causing sexual arousal of any person or any person's engagement in sexual conduct with the minor.

*Id.* § 76–5a–3(1). Morrison and Peterson contend this section is overly broad as it prohibits the possession of constitutionally protected materials. Yet, the mere fact that a statute is overbroad to some degree does not automatically warrant reversal. "[W]here a statute regulates expressive conduct, the scope of the statute does not render it unconstitutional unless its overbreadth is not only 'real, but substantial as well, judged in relation to the statute's plainly legitimate sweep.' " *Osborne v. Ohio,* 495 U.S. 103, 112, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990) (quoting *Broadrick v. Oklahoma,* 413 U.S. 601, 615, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973)). We conclude section 76–5a–3(1) is not unconstitutionally overbroad.

■ ¶ 7 "[C]hild pornography . . ., like obscenity, is unprotected by the First Amendment." *New York v. Ferber,* 458 U.S. 747, 764, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982). While the United States Supreme Court "has never attempted to define 'child pornography' itself," Amy Adler, *Inverting the First Amendment,* 149 U. Pa. L.Rev. 921, 936 (2001), it has given some guidance. The Court has indicated that a depiction of a nude minor, without more, does not consti-

tute child pornography.[3] *See Ferber,* 458 U.S. at 765 n. 18, 102 S.Ct. 3348 (noting that "nudity, without more[,] is protected expression"); *Osborne,* 495 U.S. at 112, 110 S.Ct. 1691 ("[D]epictions of nudity, without more, constitute protected expression."). Further, "[a]s with all legislation in this sensitive area, the conduct to be prohibited must be adequately defined by the applicable state law, as written or authoritatively construed." *Ferber,* 458 U.S. at 764, 102 S.Ct. 3348. Finally, the statute must include a scienter requirement. *Id.* at 765, 102 S.Ct. 3348.

■ ¶ 8 With this guidance in mind, we now turn to the issue before us. As it pertains to Morrison and Peterson's challenge, section 76–5a–3(1) makes a person guilty of sexual exploitation of a minor "when he knowingly . . . possesses . . . material . . . depicting a nude or partially nude minor for the purpose of causing sexual arousal of any person." Utah Code Ann. § 76–5a–3(1)(a). Morrison and Peterson assert this section is overbroad in that it prohibits possession of depictions of nude or partially nude minors, without more.[4] As Morrison and Peterson

**3.** However, in *Massachusetts v. Oakes,* Justices Scalia and Blackmun asserted, in a concurring opinion written by Justice Scalia, that they would reject an overbreadth challenge to a Massachusetts statute prohibiting, with exceptions, a person from "hir[ing], coerc[ing], solicit[ing] or entic[ing], employ[ing], procur[ing], us[ing], caus[ing], encourag[ing], or knowingly permit[ting]" a minor to "pose or be exhibited in a state of nudity." 491 U.S. 576, 579, 588–90, 109 S.Ct. 2633, 105 L.Ed.2d 493 (1989). Further, citing to Justice Scalia's opinion in *Oakes,* a majority of the United States Supreme Court noted, in *Osborne v. Ohio,* that it was "skeptical" of an overbreadth challenge to an Ohio statute that, on its face, "purport[ed] to prohibit the possession of 'nude' photographs of minors." 495 U.S. 103, 112, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990). The Court noted that as the statute contained "exemptions and 'proper purpose' provisions, the statute may not be substantially overbroad." *Id.* However, the Court did not ultimately decide that issue, relying instead on the narrower construction of the statute given by the Ohio Supreme Court. *See id.* at 112–14, 110 S.Ct. 1691.

Such a statute is not before us now. As explained later in this opinion, section 76–5a–3(1) does not proscribe "depictions of nudity, without more." *Id.* at 112, 110 S.Ct. 1691.

**4.** While this is the principal argument upon which Morrison and Peterson rely, they do raise several other minor issues. We discuss these now, briefly. To begin, Morrison argues that the statute is overbroad in light of section 76–5a–4 of the Utah Code, which states, in relevant part, as follows:

It is not an element of the offense of sexual exploitation of a minor that the material appeal to the prurient interest in sex of the average person nor that prohibited conduct need be portrayed in a patently offensive manner.

However, this section merely states that the material at issue need not be legally obscene. *See Miller v. California,* 413 U.S. 15, 24, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973) (defining, in similar terms, legal obscenity). The United States Supreme Court has clearly stated that material need not be obscene to qualify as child pornography unprotected by the First Amendment. *See New York v. Ferber,* 458 U.S. 747, 756, 764, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982).

Morrison further contends that section 76–5a–3 does not meet the requirements of *Ferber* as it proscribes the possession of material depicting a "*partially* nude minor for the purpose of causing sexual arousal of any person." (Emphasis added.) However, other courts have upheld statutes that do not necessarily require nudity. *See Osborne,* 495 U.S. 114 n. 11, 110 S.Ct. 1691 (1990)

read it, a person who "knowingly ... possesses ... material ... depicting a nude or partially nude minor," *id.,* is only in violation of section 76–5a–3(1) if that person *possesses* the material "for the purpose of sexual arousal of any person." *Id.* This, they argue, is overly broad because material depicting only a nude or partially nude minor, without more, is constitutionally protected, *see Ferber,* 458 U.S. at 765 n. 18, 102 S.Ct. 3348; *Osborne,* 495 U.S. at 112, 110 S.Ct. 1691, and because "[w]hen a picture does not constitute child pornography ... it does not become child pornography because it is placed in the hands of the pedophile, or in a forum where pedophiles might enjoy it." *United States v. Villard,* 700 F.Supp. 803, 812 (D.N.J.1988), *aff'd,* 885 F.2d 117 (3d Cir.1989).

¶ 9 The State responds by arguing that Morrison and Peterson misconstrue section 76–5a–3(1) and that that section properly prohibits the possession of child pornography, which is not constitutionally protected. *See Ferber,* 458 U.S. at 764, 102 S.Ct. 3348. As the State reads it, a person who "knowingly ... possesses ... material ... depicting a nude or partially nude minor," Utah Code Ann. § 76–5a–3(1)(a), is only in violation of that section if the material *depicts* the minor "for the purpose of sexual arousal of any person." *Id.* Accordingly, the State contends, depictions of nude or partially nude minors, without more, are not proscribed by the statute. Rather, the statute requires that the depiction be "for the purpose of sexual arousal of any person." *Id.*

¶ 10 We believe the State propounds the better reading of section 76–5a–3(1). The State's construction of that section is consistent with the legislature's purpose in enacting that section. The legislature stated several times that it is the proscribed materials themselves that sexually exploit minors. *See* Utah Code Ann. § 76–5a–1 (emphasizing, repeatedly, the dangers of "materials that sexually exploit minors"). We believe this to be indicative of the legislature's intent that we look to the materials themselves, not the intent of the possessor, to determine whether they are proscribed as sexually exploitive.

¶ 11 Further, under Morrison and Peterson's interpretation, there are two scienter requirements: the person must possess the proscribed material both "knowingly" and "for the purpose of sexual arousal of any person." *Id.* § 76–5a–3(1)(a). However, that a person possesses material "for the purpose of sexual arousal of any person," *id.,* necessarily presupposes that person possesses it "knowingly." Thus, the scienter requirement "knowingly" would be superfluous. Such an interpretation "ignore[s] our fundamental duty to give effect, if possible, to every word of the statute." *Madsen v. Borthick,* 769 P.2d 245, 252 n. 11 (Utah 1988). Indeed, " 'any interpretation which renders parts or words in a statute inoperative or superfluous is to be avoided.' " *State v. Hunt* 906 P.2d 311, 312 (Utah 1995) (quoting *United States v. Rawlings,* 821 F.2d 1543, 1545 (11th Cir.1987)).

¶ 12 Finally, this court has a " 'duty to construe a statute whenever possible so as to ... save it from constitutional conflicts or infirmities.' " *In re Marriage of Gonzalez,* 2000 UT 28, ¶ 23, 1 P.3d 1074 (quoting *State v. Bell,* 785 P.2d 390, 397 (Utah 1989)). In this case, we can avoid Morrison and Peterson's constitutional concern that section 76–5a–3(1) proscribes the possession of constitu-

(upholding Ohio statute that, *inter alia,* criminalized the possession of depictions of *"covered male genitals in a discernibly turgid state"* (emphasis added and internal quotations omitted)); *see also United States v. Knox,* 32 F.3d 733, 737 (3rd Cir.1994) (holding "that the federal child pornography statute, on its face, contains no nudity or discernability requirement, that non-nude visual depictions ... can qualify as lascivious exhibitions, and that this construction does not render the statute unconstitutionally overbroad").

Finally, Peterson contends, "Whatever the power of the state to control public dissemina-

tion of ideas inimical to the public morality, it cannot constitutionally premise legislation on the desirability of controlling a person's private thoughts." *Stanley v. Georgia,* 394 U.S. 557, 566, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969). However, the State has not done so here. As in the Supreme Court's *Osborne* case, "[t]he State does not rely on a paternalistic interest in regulating [Peterson's] mind. Rather, [Utah] has enacted [section 76–5a–3] in order to protect the victims of child pornography; it hopes to destroy a market for the exploitative use of children." 495 U.S. at 109, 110 S.Ct. 1691; *see also* Utah Code Ann. § 76–5a–1.

tionally protected materials by construing the section as prohibiting the knowing possession of "material . . . depicting a nude or partially nude minor," Utah Code Ann. § 76–5a–3(1)(a), only if the depiction is designed "for the purpose of causing sexual arousal of any person." *Id.* A defendant's criminal liability under section 76–5a–3(1) turns not on his purpose in *possessing* the material, but, rather, on the purpose for which the nude or partially nude minor was *depicted.* If his possession was knowing, and the nude or partially nude minor was depicted "for the purpose of causing sexual arousal of any person," *id.,* a defendant may properly be subject to criminal liability. Under this reading of the statute, which we are required to make under the principles of statutory construction set forth above, section 76–5a–3(1) is not unconstitutionally overbroad.

### B. Vagueness Challenge

¶ 13 Morrison and Peterson next argue that section 76–5a–3(1) is unconstitutionally vague as "sexual arousal" is not defined. " '[V]agueness questions are essentially procedural due process issues, i.e., whether the statute adequately notices the proscribed conduct.' " *Bd. of Comm'rs of the Utah State Bar v. Petersen,* 937 P.2d 1263, 1267 (Utah 1997) (quoting *State v. Frampton,* 737 P.2d 183, 191–92 (Utah 1987)). Accordingly, "a 'statute is not unconstitutionally vague if it is sufficiently explicit to inform the ordinary reader what conduct is prohibited.' " *Id.* (quoting *State v. Theobald,* 645 P.2d 50, 51 (Utah 1982) (footnote omitted)). We conclude the statute is not unconstitutionally vague.

¶ 14 This court confronted a similar issue in *State v. Jordan,* 665 P.2d 1280 (Utah 1983). In that case, the defendants challenged, as unconstitutionally vague, a statute criminalizing depictions of minors engaged in "simulated" sexual conduct. While noting that "simulated" was not legally defined, the court found that it was "recognizable in simple lay terms as 'looking or acting like,' " and, therefore, "[t]he disputed language [was] . . . sufficiently clear to convey 'warning as to the proscribed conduct when measured by common understanding and prac-

tices. The Constitution requires no more.' " *Id.* at 1285 (quoting *United States v. Petrillo,* 332 U.S. 1, 8, 67 S.Ct. 1538, 91 L.Ed. 1877 (1947)).

¶ 15 This case is similar. "Sexual arousal" has a common understanding that is sufficient to put people on warning as to what conduct is prohibited by the statute. It "can be construed with reasonable certainty." *Id.* at 1286. "Sexual arousal" is commonly understood as erotic excitement or stimulation. Accordingly, we conclude here as we did in *Jordan:*

> [We do] not accede to [the defendants'] argument that the word [was] not precisely defined so as to apprise them of the proscribed conduct. Words are symbols of communication and as such are not invested with the quality of a scientific formula. It is enough that they can be construed with reasonable certainty. Beyond that it suffices to add that "one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line."

*Id.* (quoting *Boyce Motor Lines v. United States,* 342 U.S. 337, 340, 72 S.Ct. 329, 96 L.Ed. 367 (1952)). Section 76–5a–3(1) is not unconstitutionally vague.

### II. CONSTITUTIONALITY OF SECTION 76–5a–3(1) AS APPLIED TO PETERSON

¶ 16 Before the trial court below, Peterson entered a conditional plea of no contest to one count of sexual exploitation of a minor. That plea related to his possession of one photograph depicting a young, nude girl who appears to be about eight or nine years old. The girl's weight is on one leg, thereby emphasizing her genitalia. She is standing on a rope web of the type commonly found on playgrounds and is looking into the camera. A man, who appears to be nude as well, is standing in the distant background. On appeal, Peterson contends section 76–5a–3(1) cannot be constitutionally applied to him for possession of the photograph described above.

¶ 17 As it pertains to the issue before us, section 76–5a–3(1) makes a person guilty of sexual exploitation of a minor if that person

"knowingly ... possesses ... material ... depicting a nude or partially nude minor for the purpose of causing sexual arousal of any person." Utah Code Ann. § 76–5a–3(1)(a). Peterson does not challenge that he knowingly possessed a depiction of a nude minor; rather, he argues the photograph is not designed "for the purpose of sexual arousal of any person." *Id.* We disagree.

¶ 18 We have never addressed the issue of what a court should consider when determining whether material depicting a nude minor is designed "for the purpose of sexual arousal of any person." *Id.* However, federal courts have addressed a similar issue. Federal law prohibits the transportation across state lines of depictions of "lascivious exhibition[s] of the genitals or pubic area" of minors. In determining what constitutes a "lascivious exhibition of the genitals or pubic area," many federal courts have adopted the so-called *Dost* factors. These six factors are as follows:

> [first,] whether the focal point of the visual depiction is on the child's genitalia or pubic area; [second,] whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity; [third,] whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of a child; [fourth,] whether the child is fully or partially clothed, or nude; [fifth,] whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; [and, sixth,] whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*United States v. Wolf,* 890 F.2d 241, 244 (10th Cir.1989) (footnote omitted) (quoting *United States v. Dost,* 636 F.Supp. 828, 832 (S.D.Cal.1986)). The *Dost* factors should not be viewed as establishing a rigid test, however:

> [T]he *Dost* factors are generally relevant and provide some guidance in evaluating whether the display in question is [designed "for the purposes of sexual arousal of any person."] We emphasize, however, that these factors are neither comprehensive nor necessarily applicable in every situation. Although *Dost* provides some

specific, workable criteria, *there may be other factors that are equally if not more important* in determining whether a photograph [is designed "for the purposes of sexual arousal of any person."] The inquiry will always be case-specific.

*United States v. Amirault,* 173 F.3d 28, 32 (1st Cir.1999) (emphasis added).

¶ 19 Importantly, for our purposes, the sixth factor, i.e., whether the visual depiction is intended or designed to elicit a sexual response in the viewer, "rather than being a separate substantive inquiry about the photographs, is useful as another way of inquiring into whether any of the other five *Dost* factors are met." *Id.* 173 F.3d at 35 (quoting *United States v. Villard,* 885 F.2d 117, 125 (3d Cir.1989)). In other words, to determine whether a visual depiction is intended or designed to elicit a sexual response in the viewer, a court should consider the other five *Dost* factors.

¶ 20 We believe the determination of whether material depicting a nude minor is designed "for the purpose of sexual arousal of any person," Utah Code Ann. § 76–5a–3(1)(a), is substantially similar to the determination of whether a visual depiction is intended or designed to elicit a sexual response in the viewer. Further, we believe the federal courts' application of the sixth *Dost* factor is helpful for Utah courts in determining whether material depicting a nude minor is designed "for the purpose of sexual arousal of any person." *Id.* This is not to say, however, that the Utah statute directly parallels the federal statute. For instance, federal courts consider whether the focal point of the visual depiction is on the child's genitalia or pubic area because the federal statute proscribes certain depictions of "exhibition[s] of the genitals or pubic area" of minors. However, section 76–5a–3(1) not only proscribes "exhibition[s] of the genitals or pubic area," but also proscribes other depictions of "nude or partially nude minor[s]." Accordingly, while the *Dost* factors are helpful, not all of them are applicable to a determination that material depicts a "nude

or partially nude minor for the purpose of sexual arousal of any person." [5]

¶ 21 Bearing this in mind, we now turn to the photograph at issue. We find several of the *Dost* factors are met. First, the child is completely nude. This satisfies the statutory requirement that the photograph depict a "nude or partially nude minor." Second, the child is standing on a rope web of the type commonly found on playgrounds. While a playground setting is not usually associated with sexual activity, for a child to appear in such a setting completely nude is clearly inappropriate. Indeed, the very fact that a child is depicted nude in a location commonly associated with children's daily, public activities, is indicative of the photograph's design to sexually arouse pedophiles. Third, the girl's weight is on one leg, thereby emphasizing her genitalia. Lastly, the child, who is looking into the camera, is obviously posed for the photograph. The pose emphasizes the child's nudity and genitals, thereby suggesting a purpose to sexually arouse. In addition to the listed *Dost* factors, the photograph also depicts a man, apparently nude, standing in the background. We believe the presence of a nude adult tends to indicate the photograph was designed "for the purpose of sexual arousal of any person."

¶ 22 In summary, the photograph depicts a posed, nude child, in an inappropriate setting, together with a nude adult and emphasizes the child's genitalia. We hold the photograph depicts a nude minor "for the purpose of sexual arousal of any person." Thus, section 76–5a–3(1)(a) is not unconstitutional as applied to Peterson.

## III. CONSOLIDATION OF COUNTS AGAINST MORRISON

¶ 23 The final issue before us is whether the trial court erred in denying Morrison's motion to consolidate the fifty counts brought against him under section 76–5a–3 into a single count. Morrison contends the trial court's denial of that motion was based on an improper interpretation of sec-

tion 76–5a–3. Alternatively, he argues, if the trial court correctly interpreted the statute in denying his motion to consolidate the counts, nevertheless, the prosecution of multiple counts of sexual exploitation of a minor in this case constitutes cruel and unusual punishment because Morrison could have been, effectively, sentenced to life in prison as a result of his guilty plea to twenty of the counts against him.

### A. Prosecution of Multiple Counts Under Section 76–5a–3

¶ 24 Morrison contends section 76–5a–3 provides only for the prosecution of a single count of sexual exploitation of a minor in this case, and the trial court's contrary conclusion was erroneous. Accordingly, Morrison argues, the State's prosecution of multiple counts violated the "rule against multiplicity stem[ming] from the 5th Amendment", which "prohibits the Government from charging a single offense in several counts and is intended to prevent multiple punishments for the same act." *United States v. Kimbrough,* 69 F.3d 723, 729 (5th Cir.1995). We disagree.

¶ 25 We construe section 76–5a–3 "according to the fair import of [its] terms to promote justice." Utah Code Ann. § 76–1–106 (1999). In relevant part, section 76–5a–3(1) creates a second degree felony for "knowingly ... possess[ing] ... material ... depicting a nude or partially nude minor for the purpose of causing sexual arousal of any person or any person's engagement in sexual conduct with the minor." *Id.* § 76–5a–3(1). "Material" is defined as "any visual representation including photographs, motion pictures, slides, videotapes, or other pictorial representations produced or recorded by any mechanical, chemical, photographic, or electrical means and includes undeveloped photographs, negatives, or other latent representational objects." *Id.* § 76–5a–2(3). In short, then, section 76–5a–3(1) is violated by the knowing possession of "any visual representation" of child pornography.

---

5. We particularly note that the fourth *Dost* factor, whether the child is fully or partially clothed, or nude, is inapplicable in determining whether a depiction is designed "for the purpose of sexual arousal of any person." This is because the statute sets this factor forth separately by requiring the photograph depict a "nude or partially nude minor."

¶ 26 The clearest reading of the statute is that each individual "visual representation" of child pornography that is knowingly possessed by a defendant constitutes the basis for a separate offense under section 76–5a–3. Accordingly, in this case, Morrison's possession of multiple photographs depicting child pornography constituted multiple violations of section 76–5a–3. Therefore, the rule against multiplicity was not violated, as that rule only "prohibits the Government from charging a *single* offense in several counts and is intended to prevent multiple punishments for the *same* act," *Kimbrough,* 69 F.3d at 729 (emphasis added), and the trial court did not err in denying Morrison's motion to consolidate the counts against him.[6]

### B. Eighth Amendment

¶ 27 Morrison next contends the prosecution of multiple counts of sexual exploitation of a minor in this case constitutes cruel and unusual punishment because he could have been, effectively, sentenced to life in prison as a result of his guilty plea to twenty of the counts against him. We conclude Morrison does not have standing to make this argument.

¶ 28 The Eighth Amendment to the United States Constitution states, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. "Under the Eighth Amendment, '[a] criminal punishment may be cruel and unusual when it is barbaric, excessive, or disproportional to the offense committed.' " *State v. Herrera,* 1999 UT 64, ¶ 33, 993 P.2d

854 (footnote omitted) (quoting *State v. Mace,* 921 P.2d 1372, 1377 (Utah 1996)). However, in this case, Morrison's constitutional argument hinges solely on the theoretical existence of a penalty that was never imposed against him, as he received concurrent sentences on all counts. Furthermore, the trial court stayed execution of the sentence and, instead, placed Morrison on probation for three years. Morrison has no standing to argue the constitutionality of a sentence not imposed on him. *See, e.g., State v. Herrera,* 895 P.2d 359, 371 (Utah 1995); *State v. Tuttle,* 780 P.2d 1203, 1215 (Utah 1989). Accordingly, we do not address this issue.[7]

### CONCLUSION

¶ 29 Section 76–5a–3(1) is not unconstitutionally overbroad or vague on its face. Further, that section was constitutionally applied to Peterson. Finally, the trial court did not err in denying Morrison's motion to consolidate the counts brought against him. Accordingly, we affirm the pleas entered by Morrison and Peterson.

¶ 30 Chief Justice HOWE, Associate Chief Justice RUSSON, Justice DURHAM, and Justice WILKINS concur.

---

6. Again, we make clear that this conclusion applies only to the relevant version of section 76–5a–3. The current version of that section itself explicitly addresses the issue of when the State can file separate counts against a defendant. Section 76–5a–3(3), which became effective May 1, 2000, states as follows:

It is a separate offense under this section:
(a) for each minor depicted, and if more than one minor is depicted in the same material or live performance in violation of this section, the depiction of each individual minor in the material or live performance is a separate offense;
(b) each time the same minor is depicted in different material; and

(c) each time the same minor is depicted in a separate live performance.
Utah Code Ann. § 76–5a–3(3) (Supp.2000).

7. Morrison also contends the trial court's failure to consolidate the counts against him violated his Eighth Amendment rights because he is now a "multiple" sex offender rather than just a sex offender. However, the label "multiple" sex offender was affixed to Morrison as a direct result of his own voluntary entry of a guilty plea. The "punishment" complained of was not imposed by the court. Accordingly, there is no merit to the contention that the trial court violated Morrison's Eighth Amendment rights.