2002 UT App 229

**STATE of Utah, Plaintiff and Appellee,**

v.

**Wade WILLIS, Defendant and Appellant.**

**No. 20010495–CA.**

Court of Appeals of Utah.

July 5, 2002.

Margaret P. Lindsay, Provo, for Appellant.

Mark L. Shurtleff and Brett J. DelPorto, Salt Lake City, for Appellee.

Before Judges JACKSON, DAVIS, and THORNE.

## OPINION

JACKSON, Presiding Judge:

¶ 1 Defendant appeals his conviction subsequent to a conditional guilty plea to possession of a firearm by a restricted person, a second-degree felony, in violation of Utah Code Ann. § 76–10–503(2)(a) (Supp.2001) (Weapons Restrictions Statute).[1] We affirm.

¶ 2 Defendant challenges the statute under which he was convicted as being unconstitutional on its face. " 'A constitutional challenge to a statute presents a question of law, which we review for correctness. . . . When addressing such a challenge,

1. This section provides, in pertinent part, "[a] Category I restricted person who purchases, transfers, possesses, uses, or has under his custody or control: (a) any firearm is guilty of a second degree felony." Utah Code Ann. § 76–10–503(2)(a) (Supp.2001).

this court presumes that the statute is valid, and we resolve any reasonable doubts in favor of constitutionality.' " *State v. Morrison*, 2001 UT 73, ¶ 5, 31 P.3d 547 (Utah 2001) (alteration in original) (quoting *State v. Lopes*, 1999 UT 24, ¶ 6, 980 P.2d 191).

## ANALYSIS

¶ 3 *State v. In*, 2000 UT App 358, 18 P.3d 500, is controlling. In that case we stated that the Weapons Restrictions Statute

> does not unconstitutionally interfere with one's right to bear arms. This statute only restricts that right under very limited circumstances—such as a felony indictment or conviction. Such restrictions are constitutional. *See* Utah Const. art. I, § 6 ...;[2] *State v. Beorchia*, 530 P.2d 813, 815 (Utah 1974) (holding that this section is a proper exercise of State police powers).

*Id.* at ¶ 14. Defendant attempts to distinguish the present case by arguing that *In* only addresses the constitutionality of the statute as it applies to *use*, as opposed to "mere *possession* of a firearm by a restricted person." (Emphasis added.) However, our conclusion in *In*, a case in which the defendant was convicted of illegally *possessing* a firearm, simply stated that the restrictions contained in "this statute do[ ] not unconstitutionally interfere with one's right to bear arms," and made no distinction between use and possession. *Id.* Because *In* made no distinction between use and possession, its conclusion that the Weapons Restrictions Statute is constitutional applies both to restrictions on possession and to restrictions on use.[3]

¶ 4 Accordingly, we reject Defendant's constitutional challenge to the Weapons Restrictions Statute and affirm his conviction for possession of a firearm by a restricted person.

¶ 5 Affirmed.

¶ 6 We Concur: JAMES Z. DAVIS and WILLIAM A. THORNE JR., Judges.

---

**2.** Utah Const. art. I, § 6 provides: "The individual right of the people to keep and bear arms for security and defense of self, family, and others, property, or the state, as well as for other lawful purposes shall not be infringed; but nothing herein shall prevent the legislature from defining the lawful use of arms."

**3.** Moreover, we note that one may "use" a firearm by the mere act of possessing it—e.g., to deter unlawful behavior in "defense of self, family, and others" etc. Utah Const. art. I, § 6. By way of further illustration, we note that the United States, by mere possession of a nuclear arsenal, theoretically "uses" that arsenal to deter would-be aggressors from taking military action against it. We also note that Utah Const. art. I, § 6 makes no distinction between passive use and active use of a firearm.