**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 30, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHAD JAY BUTLER,

Defendant-Appellant.

No. 09-4095

(D. of Utah)

(D.C. No. 2:08-CR-00237-DAK-1)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH** and **HOLMES**, Circuit Judges, and **POLLAK**[**], District Judge.

Chad Jay Butler appeals from the district court's denial of his motion to

dismiss the charge of being a felon in possession of a firearm in violation of 18

U.S.C. § 922(g)(1).[1]  Butler's motion was premised on the argument that the

guilty plea he entered to a state aggravated assault charge was not a "conviction"

_____

[*]  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[**]  Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

[1]  Section 922(g)(1) makes it "unlawful for any person . . . who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition."

under Utah law and hence that he was not a person "convicted" within the meaning of § 922(g)(1). The district court denied this motion on the ground that Utah law would equate a guilty plea or verdict to a conviction in this context. For the reasons that follow, we agree with the district court that the Utah Supreme Court would define "conviction" in this way for purposes of the federal felon-in-possession statute.

## I. Background

In February 2007, Butler pled guilty in a Utah state court to one count of aggravated assault. He received leave to move to withdraw that plea in April 2007, but his motion was denied in December 2007. He was subsequently sentenced for the assault in February 2008.

On August 9, 2007, before Butler's motion to withdraw the plea was denied, he was arrested and charged with two federal crimes, including possessing a firearm in violation of 18 U.S.C. § 922(g)(1). Butler then moved to dismiss the § 922(g)(1) charge, arguing that he had not yet been convicted of the state offense in August 2007 because no judgment of sentence had issued. After the district court denied Butler's motion, he entered a conditional guilty plea pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure[2] and reserved the right

_____

[2] Fed. R. Crim. P. 11(a)(2) provides that "[w]ith the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specific pre-trial motion. A defendant who prevails
(continued...)

to appeal the denial of the motion to dismiss.  On May 13, 2009, the district court sentenced Butler to 18 months in prison.  We have jurisdiction over Butler's appeal pursuant to 28 U.S.C. § 1291.

## II.  Analysis

We exercise plenary review over the district court's legal conclusion that Butler's guilty plea constitutes a conviction.  *United States v. Flower*, 29 F.3d 530, 534 (10th Cir. 1994).  Pursuant to 18 U.S.C. § 921(a)(20), "[w]hat constitutes a conviction" for purposes of the felon-in-possession statute is "determined in accordance with the law of the jurisdiction in which the proceedings were held."  We accordingly turn to the meaning of "conviction" under Utah law.

Two competing definitions of conviction have been recognized in Utah – "one which denotes the establishment of guilty 'by verdict or plea,' and one which refers to 'the final judgment entered on the plea or verdict.'"  *State v. Hunt*, 916 P.2d 311, 313 (Utah 1995) (quoting *State v. Duncan*, 812 P.2d 60, 62 (Utah Ct. App. 1991)).  Although Butler urges us to determine what "conviction" means in the abstract, the Utah Supreme Court has clearly held that which of the two definitions governs in a particular case "turn[s] on 'the context and the

---

²(...continued)
on appeal may then withdraw the plea."

purpose within which the term "conviction" is used.'" *Id.* (quoting *Duncan*, 812 P.2d at 62).

Although no Utah state court has construed "conviction" as used in § 922(g)(1), the state Court of Appeals has defined conviction for the purposes of the parallel state felon-in-possession statute. In *State v. In*, 18 P.3d 500 (Utah Ct. App. 2000), the defendant, like Butler, contended that he lacked the requisite prior conviction to violate a felon-in-possession statute because "although he had pleaded guilty to a prior felony at the time of th[e] offense, he had not been sentenced on that prior felony." *Id.* at 501. Concluding that "the purpose of" the state felon-in-possession statute "is to restrict access of weapons to those who could be dangerous to society," the Court of Appeals rejected this argument and held that, in context, "conviction" means "guilt by verdict or plea." *Id.* at 502.

Because *In* construes a state statute, not § 922(g)(1), and because it is not a decision of the Utah Supreme Court, we are, of course, not bound by its holding in construing Utah law. We also note that the reach of the Utah felon-in-possession statute construed in *In* is broader than the scope of §922(g)(1): The state statute prohibits the possession of firearms by individuals "under indictment" as well as those "convicted of any felony offense." Utah Code Ann. § 76-10-503(3)(a) (Supp. 1997).

Nevertheless, as we are to be guided by the "the context and the purpose in which the term 'conviction' is used," *Hunt*, 916 P.2d at 313, we find *In* highly

persuasive. Although it interprets a different statute, *In*'s context is otherwise identical in all relevant aspects to the situation presented here. The purposes of the Utah statute as enunciated by the *In* court and of § 922(g)(1) are also indistinguishable: The federal statute, like the Utah statute, seeks "to keep guns out of the hands of those who have demonstrated that they may not be trusted to possess a firearm without becoming a threat to society." *Small v. United States*, 544 U.S. 385, 393 (2005) (internal quotation marks omitted). Further, it is, of course, the verdict or plea of guilty that serves as an indication of the threat with which Congress was concerned, not a judgment of sentence. We therefore hold that *In*'s equation of a conviction with a guilty verdict or plea extends, as a matter of Utah law, to the context of § 922(g)(1).[3]

Butler attempts to distinguish *In*, chiefly on the basis of the fact that the aggravated assault statute, unlike the statute providing the predicate offense in *In*, does not contain the word "convicted." That fact, however, is simply irrelevant: The question is whether the word "conviction" in the federal felon-in-possession statute should be construed in the same way as the word "convicted" in the state felon-in-possession statute, without regard to the precise nature of the predicate conviction. We therefore reject Butler's argument. We have also reviewed all of the other arguments Butler raises, and we find them similarly unpersuasive.

---

[3] We also agree with the *In* court that its holding is consistent with prior Utah cases. *See In*, 18 P.3d at 502-03.

-5-

## III. Conclusion

The district court correctly concluded that Butler's guilty plea was a conviction under Utah law, and we accordingly AFFIRM.

Entered for the Court

Louis H. Pollak
District Judge